RITTER'S HOTEL, INC., v. HARRY SIDEBOTHOM

194 So. 322
Division B
Opinion Filed March 1, 1940

*Meyer, Davis & Weiss,* for Petitioner;
*Redfearn & Ferrell,* for Respondent.

PER CURIAM.—Certiorari from the circuit court of Dade County.

Respondent, Harry Sidebothom, owned a hotel on Miami Beach which he leased to petitioner for a stipulated rental. On the failure of petitioner to pay the rent, distress proceedings were instituted against him and judgment for the

rent with interest and cost was obtained. The premiums on the distress bond and the attorneys' fees were not included in that judgment, and this suit was instituted in the Civil Court of Record of Dade County to recover said premiums and attorneys' fees. That Court finally entered judgment in favor of respondent for the premiums and fees paid out in the distress proceedings. Appeal was taken to the Circuit Court of Dade County and the judgment of the Civil Court of Record was affirmed.

At the trial respondent introduced testimony as to the amount of the bond premiums and attorney's fees, together with receipts showing payment thereof, and rested. The judge stated that he would take notice of what was a reasonable fee in that jurisdiction, and by his actions intimated that he would refuse any testimony offered by petitioner to dispute the reasonableness of the fee. In the face of this petitioner declined to proffer any testimony as to the reasonableness of the fees and verdict was directed for respondent for attorneys' fees, premiums, interest and costs of court.

While it is true that the judge of the trial court by his actions and statements from the bench intimated that he would not permit petitioner to introduce testimony as to the unreasonableness of the fees, the following question was asked the Court by attorney for petitioner: "On your Honor's statement, there can be no testimony offered as to reasonableness for the reason that there is no controversy as (to) the reasonableness of the attorneys' fees in the case?" To which the Court answered: "I will let you tender your testimony if you desire, and I will take that up as it comes along." There was, then, no refusal to allow testimony as to reasonableness to be introduced.

The party seeking to introduce the testimony must, in order to have the ruling reviewed on appeal, make an offer

of what he proposes to prove, so that the trial and appellate courts can determine whether the proposed evidence is material or not; otherwise he has failed to make the alleged error appear. Boykin v. State, 40 Fla. 484, 24 So. 141; Morey v. State, 72 Fla. 45, 72 So. 490. There being no evidence to dispute the reasonableness of the attorneys' fees, the trial judge did not err in directing a verdict for respondent.

In the lease agreement it was provided that" * * * in case of the failure of the lessee to pay the rent herein reserved when the same shall become due, and the same is collected by suit or through an attorney, the 'Lessee agrees to pay the Lessor all costs and charges thereof." It is fundamental law that contracts may be entered into for the payment of attorney's fees and when so entered into are enforceable. In Gralynn Laundry, Inc., v. Virginia Bond and Mortgage Corp., et al., 121 Fla. 312, 163 So. 706, after stating that the allowance of attorney fees is purely a matter of contract, the court went on to hold that if the instrument on its face evidenced a clear intent to pay attorney fees and it was shown that they were incurred within the terms of the instrument, the mere fact that the language employed for setting up such fees in the contract was not as good as it might have been would not defeat the purpose.

In Williams v. Flowers, 90 Ala. 136, 7 So. 439, 24 Am. St. Rep. 772, the Supreme Court of Alabama, in commenting on the use of the words "costs of collecting" in a promissory note, has said:

"* * * In common parlance the compensation paid an attorney is denominated a 'fee' in contradistinction to the costs incident to the judgment; but in its legal sense the term 'costs' denotes not only the expenses incurred by reason of being a party to legal proceedings, but also the

charges which an attorney is entitled to recover from his client as remuneration for his professional services. Rap. & L. Law Dict. It is manifest that the parties meant that the term 'costs for collecting,' as used in the note, should be understood in its broadest signification; otherwise the stipulation would have no effect, for without it defendants would be liable to the costs incident to the decree. We therefore construe the term as having been intended to include the compensation which the payee of the note might have to pay an attorney for bringing a suit to enforce its collection."

It is clear that by the use of the word "attorney" in the lease the parties intended that attorneys' fees were to be included in "all costs and charges" of collecting the rent. There being sufficient contractual basis on which to ground this action, and no errors appearing in the record, the judgment is hereby affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4697, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.