SHANNON, Judge.
The appellants-defendants have appealed from a decree granting a temporary injunction and denying their motion to dismiss the complaint. The temporary injunction contained, in part, the following:
“This cause was duly presented upon Defendants’ Motion to Dismiss and Plaintiff’s Application for Temporary Injunction. The pleadings-, exhibits, testimony and advices of counsel have been considered. The Court finds:
“A. It has jurisdiction over the parties and subject matter of the cause.
“B. Picketing was commenced on April 9, 1959, and has been conducted as alleged.
“C. Plaintiff is not engaged in interstate commerce.
“D. The picketing is peaceful.
“E. None of Plaintiff’s employees are members of the Defendant, union, or represented by it.
“F. Plaintiff has no contract with the Defendant, union.
“G. There is no bona fide labor dispute existent between Plaintiff and Defendants.
“H. There has been no formal demand made by Defendants to Plaintiff to adjust or mediate a grievance.
“I. No proper notification was given by Defendants to Plaintiff as to the picketing.
“J. The true purpose of the picketing was to require Plaintiff to hire apprentices.
“K. Plaintiff is suffering damage on account of the picketing.
“L. Defendants have not complied with the necessary prerequisites in order to establish a picket line.
“Accordingly, it is
*249 “Ordered, Adjudged and Decreed that the Defendants, Local No. 728, International Brotherhood of Electrical Workers A. F. of L.-C. I. O., Ray Sallaz, Arthur Hatcher, and Kenneth Hill, and each and every one of them, he and they hereby are enjoined and restrained from continuing a picket line in and about that certain construction project known as as [sic] the Oak-ridge Elementary School located in the City of Hollywood, Florida, until a final hearing and determination of this cause.
“Defendants’ Motion to Dismiss is hereby denied.
“Copy furnished counsel.
“Done and Ordered this 17th day of April, 1959.”
The defendants submit to us two questions, but it is not necessary to decide the second question. The question that we will •decide is whether the circuit court had jurisdiction to enjoin peaceful picketing by •defendant union where no issue was alleged or created as to whether plaintiff was engaged in interstate commerce.
In the complaint plaintiff alleged generally that he was employed as the electrical contractor on the Oakridge Elementary School project, and that defendants have entered into an illegal conspiracy, the purpose of which is to do serious financial damage to the plaintiff; that they have •established a picket line for the sole purpose of causing the general contractor on the particular construction project to can■cel its contract with the plaintiff and throw the plaintiff off the job; that no labor dispute exists between plaintiff and any of his ■employees, nor does defendant union represent any of plaintiff’s employees; that defendant union has not attempted to organize plaintiff’s employees and has not requested plaintiff to recognize it as their bargaining agent; that the plaintiff will not only be thrown off the job, but will ■also be ruined in his business relations on every job the plaintiff obtains. In the prayer plaintiff asked the chancellor to enjoin the defendants from picketing and ultimately to give damages, including exemplary damages. The only evidence is to the effect that the picketing was peaceful, and that the pickets were specifically ordered to stay on public property.
Under the national Labor Management Relations Act of 1947, as amended, 29 U.S. C.A. § 141 et seq., it has been held that the National Labor Relations Board would have exclusive jurisdiction over both management and labor if the controversy affected interstate commerce, other than when such controversy is attended by violence, in which case the state would have jurisdiction to enjoin either labor or management under its police power. In Amalgamated Meat Cutters, etc. v. Fairlawn Meats, 1957, 353 U.S. 20, 77 S.Ct. 604, 606, 1 L.Ed.2d 613, the Supreme Court stated:
“It is urged in this case and its companions, however, that state action should be permitted within the area of commerce which the National Board has elected not to enter when such action is consistent with the policy of the National Act. We stated our belief in Guss v. Utah Labor Relations Board, 353 U.S. 1, 10, 11, 77 S.Ct. 598, 603 [1 L.Ed.2d 601] that ‘Congress has expressed its judgment in favor of uniformity.’ We add that Congress did not leave it to state labor agencies, to state courts or to this Court to decide how consistent with federal policy state law must be. The power to make that decision in the first instance was given to the National Labor Relations Board, guided by the language of the proviso to § 10(a). * *
In our opinion in the case of Hotel & Restaurant Emp. & Bartenders Union, etc. v. Creighton’s Restaurant Corp., Fla.App. 1959, 115 So.2d 30, we made the distinction between cases where interstate commerce is present and those cases in which it is not.
*250 In the instant case the complaint does not allege.whether the controversy affects interstate commerce, nor is there any evidence one way or the other. The complaint was filed in the Circuit Court for Broward County, Florida, which is a court of general jurisdiction, and in order to defeat the jurisdiction of that court the necessary facts must appear from the pleadings or from the testimony. The jurisdiction of the federal courts and of the National Labor Relations Board, on the other hand, must be shown. Their jurisdiction has not been shown in the present case in that there is no allegation and no proof of interstate commerce.
Affirmed.
KANNER, Acting C. J., concurs.
SEBRING, H. L., Associate Judge, concurs in conclusion and judgment.