143 So.2d 550 (1962)
SEABOARD AIR LINE RAILROAD COMPANY, a Corporation Authorized to Do Business in Florida, Appellant,
v.
John J. ELLIS, Appellee.
No. 61-600.
District Court of Appeal of Florida. Third District.
July 17, 1962.
Rehearing Denied August 21, 1962.
*551 Smathers & Thompson, Earl D. Waldin, Jr., and Samuel A. Brodnax, Jr., Miami, for appellant.
Sams, Anderson, Alper & Spencer and Sam Daniels, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant railroad, defendant in the trial court, appeals an adverse final judgment and contends that the trial court erred in (1) directing a verdict on liability, (2) sustaining the objections to certain questions propounded to its expert, and (3) excessiveness of the verdict. No error has been demonstrated on this record, and therefore, the appellant's contentions are found to be without merit.
As to the first point, this was an action under the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq. The trial judge directed a verdict at the close of all the evidence. It does not appear from the record that there was any evidence which would have warranted a finding by the jury either that the appliance in question operated efficiently or that the injured party attempted to operate it improperly under the circumstances. As to the second, counsel for the railroad having failed to proffer the testimony of the witness after the objections to the questions were sustained, this point is not well taken on appeal. Ritter's Hotel v. Sidebothom, Fla. 1940, 142 Fla. 171, 194 So. 322; Andrews v. Cardosa, Fla.App. 1957, 97 So.2d 43; Green v. Hood, Fla.App. 1960, 120 So.2d 223; City of Hialeah v. Revels, Fla.App. 1960, 123 So.2d 400. As to the third, the verdict was not such as to warrant a new trial on the ground of excessiveness, when the evidence established that the injured party had suffered substantial loss of earnings until the date of the trial, a 30% permanent physical impairment, and taking into account his life expectancy, the nature of his education, background and previous employment.
No error having been demonstrated, the final judgment is affirmed.
Affirmed.