PER CURIAM.
This interlocutory appeal is from a temporary injunction issued in favor of the appellee, upon the sworn bill and testimony adduced before the court.
The appellee, an electrical contractor, sought to enjoin picketing by members of the appellant union. The complaint alleged! that the appellee was not engaged in interstate commerce, and that his employees be *349 longed to another union and this other union had been recognized by the appellee as the bargaining agent for his employees. There followed the usual allegations that the picketing was designed to force the ap-pellee to accept the appellant union as a bargaining agent for his employees and to create and cause a secondary boycott at the job site and that irreparable harm and damage resulted from the picketing. There were no charges of violence, mass picketing or threats of violence.
The appellant filed a motion to quash and dismiss for lack of jurisdiction. The record before us indicates that the motion to quash and dismiss was brought up for hearing before the court at the same time that the appellee applied for temporary injunction. There is no order before this court ruling on the motion to quash and dismiss; however, stenographical excerpts from the hearing indicate that the chancellor orally denied the motion. The appeal, however, was taken only from the order granting the temporary injunction.
The appellant has posed two questions to this court upon which it seeks to reverse the temporary injunction, the first of which deals with the proposition that the chancellor should have investigated, on the basis of the motion to quash and dismiss, the issue of interstate commerce to determine if the subject matter of the litigation has been pre-empted by the National Labor Relations Board. The second question involved the alleged inadequacy of the injunction bond.
This court it well aware of and has applied the doctrine of pre-emption in labor matters covered by the federal act, and as applied by the Supreme Court of the United States, the Supreme Court of Florida and the district courts of appeal of this state. However, where, as here, the record before us fails to affirmatively show that the business in which the appellee was engaged affects interstate commerce, then it is premature to apply the doctrine of pre-emption. See, Hotel & Restaurant Employees & Bartenders Union, etc. v. Creighton’s Restaurant Corp., Fla.App. 1959, 115 So.2d 30; Local No. 728, International Brotherhood of Electrical Workers’, etc. v. Schreck, Fla.App.1959, 116 So.2d 248. The appellant contends, and rightfully so, that it attempted to show that the ap-pellee’s business affected interstate commerce. However, no proffer was made, nor was there an offer to proffer, on the part of the appellant, of the evidence which it now contends would have affirmatively disclosed the interstate character of the appellee’s business. See, Ritter’s Hotel, Inc. v. Sidebothom, 142 Fla. 171, 194 So. 322. Since the injunction is temporary in nature and is subject to dissolution upon appropriate proof before the chancellor, we cannot, on the basis of the record before us, say that he abused his discretion in awarding the injunction or failing to apply the doctrine of pre-emption. It should be recalled that the appellee categorically stated in his complaint that he was not engaged in a business affecting interstate commerce and, absent affirmative proof in the record to dispute this fact or a proffer of such proof, we should not find the chancellor in error in his order granting the injunction on the basis of an extraneous allegation of proof which is not before us.
Nothing said in this opinion is intended, nor should it be construed, as an indication that this court recedes from the pre-emption doctrine which has heretofore been announced in such cases as Amalgamated Clothing Workers of America v. Donald S. LaVigne, Inc., Fla.App.1958, 111 So.2d 462, and other cases of similar character.
Concluding that the principal question raised by appellant here is not supportable factually by the record on appeal, it follows that the order appealed should be, and it is hereby, affirmed.
Affirmed.