PER CURIAM.
The appellants and another were charged by information with the crime of robbery. Appellants were found guilty by a jury and *87 were so adjudged by the court. They filed separate appeals. We permitted joint use of the record, and the appeals were argued together.
Appellant Duncomb challenges the sufficiency of the evidence, and contends the trial court erred by limiting certain attempted cross-examination. Appellant Howard raises the latter contention, and further argues that conflict in the testimony of two state witnesses with relation to a matter operated to cancel out the testimony of each thereto; and that the testimony of state witnesses on certain material elements of proof was unworthy of belief.
On consideration thereof in the light of the record and briefs we find such contentions of the appellants to be without merit. The contention of improperly curtailed cross-examination grew out of the circumstance that three persons presented as witnesses by the state at trial had been interviewed in the presence of each other by the state attorney prior to trial. After having brought' out that fact on cross-examination, the further questioning which it is claimed the court improperly rejected was in pursuit of a theory that such action by the state attorney was improper. The trial court committed no error there. The only value or materiality to the defendants of disclosing that the said state witnesses were interviewed in the presence of each other prior to trial, was that the credibility of those witnesses could be considered by the jury to have been lessened through the possibility that one' may have been influenced (beyond his personal observation or recollection) by information supplied by another, during such joint interrogation. However, the cross-examination which was presented relating thereto sufficiently placed the jury in a position to consider that circumstance in determining the credibility of the witnesses. As to the question of whether testimony of witnesses was unworthy of belief, that was a matter for the jury to determine. Our review of the evidence leaves us unpersuaded that there was not competent substantial evidence presented, sufficient to support the conviction and judgment.
The judgments in the two above styled appeals are affirmed.