McGREGOR, ROBERT B., Associate Judge.
Appellant was arrested on September 4, 1972, and her pistol was taken from her. In the city jail she was very angry and stated that she was going to kill her husband, George; she wanted her pistol back *484 and stated she intended to get out and get another gun and kill George. George posted her bail. The next morning the appellant told her sister-in-law, “ ‘ . . . I’m going to kill your brother.’ . . . ” That afternoon she bought another pistol. That night at the Lily Rose Beer Garden the barmaid, Cleola, was talking with Willie Johnson when the appellant came in with her gun in hand and said, “ . . . T am the bitch that shot in the alley Call the goddamn police,’ ” and sat down on a bar stool. Cleola continued to talk with Willie. Appellant said, “ . . . T want a damn beer. Do you want to serve it to me or not?’ . . .” Cleola heard a click and looking down said, “ . . . ‘Yes, Ma’am’, . . .” and went to get a short Bud. Appellant turned to the juke box and was looking for a selection “Lean on Me When You Are Not Drunk,” when in walked George holding his hands open as if to place them on the bar. Appellant said “ . . . ‘Get back, m-f-\ and shot George twice. He fell without a word. Appellant got over him and said, “ . . . ‘Get up, m-f-’t . . and when Willie asked her not to shoot him anymore, appellant said, “ . . . T will kill every m-f-in here’ . . . . ” Everyone left hurriedly. Appellant was later found nearby and told the police and the gathering crowd, . . T killed him, I killed him’, . . . ‘You winos wanted him, now you can have him. I am giving him to you now on a slab.’ ” At the police station after being warned of her rights, appellant made a statement to Detective Dro-let, giving certain incriminating details.
At the trial the testimony of appellant and her witness would give the impression that appellant did not remember any incriminating details and was an emotionally distressed wife, who loved George so much she could not leave him, and that she carried her pistol with her only to prevent her children from harming themselves with it at home. The defense generally presented evidence of what a bad character George had been during his six years of marriage, apparently on the unwritten defense that George needed killing. The jury was not bound to accept any particular testimony and there is ample evidence to support their verdict of premeditated murder.
When offered as evidence of the victim’s general reputation as a violent, quarrelsome and dangerous person, the trial judge properly refused to permit testimony as to prior, isolated, specific violent acts of the victim unknown to the appellant. Rafuse v. State, Fla.App.1st, 1968, 215 So.2d 71; Williams v. State, Fla.App. 4th, 1971, 252 So.2d 243.
The state did not call Detective Drolet until during its rebuttal case. The appellant contends that it was error to then permit him to testify because appellant had testified that she did not remember talking with him and, therefore, the rule applies that a totally negative statement—no recollection—cannot be impeached. We disagree. See Rankin v. State, Fla.1962, 143 So.2d 193, and McCormick on Evidence 2d, 1972, § 37; 3A Wigmore, Evidence, § 1043 (Chadbourn rev. 1970).
Usually evidence offered for impeachment is admissible only because it relates to the credibility of the witness and is inadmissible as to the issues in controversy; hence where a witness does not remember, there is always a good possibility that the prior “inconsistent” statement is actually being offered for the wrongful purpose of getting the prior statement before the jury as substantive evidence of the facts it contains, and the Rankin rule prevents such evidence from being considered when it does not actually impeach and is otherwise inadmissible and prejudicial.
The Rankin rule would not normally apply to an accused whose prior statements in the nature of admissions and confessions are admissible as direct evidence *485 of guilt, see Underhill’s Criminal Evidence, Fifth Edition, Volume 1, Section 235, pages 571 and 572, notes 9, 10 and 11.
The judgment below is affirmed.
McNULTY, C. J., and BOARDMAN, J., concur.