COWART, Judge.
The claim of appellant, Mighty Oak, Inc., for loss by fire of a building insured by appellee Hartford Accident & Indemnity Company was denied on the ground that the policy was not applicable because the insured property had been vacant for over 60 days prior to the fire. Appellant sued on the policy alleging that one Lane was an agent of appellee and that Lane had actual knowledge of the vacancy which knowledge, imputed to appellee, constituted a waiver of the vacancy provisions of the policy. At trial appellant presented evidence from which the jury could have found that Lane was an agent of appellee. Appellant’s witnesses also testified to conversations in which they mentioned to Lane that the property was vacant. Lane denied receiving such information. From a judgment based upon a jury verdict for appellee, Mighty Oak appeals, alleging that the trial court erred in refusing instructions that would have in effect been a holding as a matter of law that Lane was an agent of appellee and in refusing to tell the jury that notice to Lane constituted notice to Hartford.
We hold that the trial court properly declined to rule, as a matter of law, that Lane was appellee’s agent and properly submitted to the jury the issues as to whether Lane was an agent with apparent authority, whether Lane knew of the vacancy and whether Lane’s acquisition of such knowledge, if any, was within the scope of such apparent authority. We do not read Hughes v. Pierce, 141 So.2d 280 (Fla. 1st DCA 1961), to require a contrary holding. Furthermore, on this appeal appellant is estopped to argue estoppel under Russell v. Eckert, 195 So.2d 617 (Fla. 2d DCA 1967), because the trial court relied upon a stipulation that appellant was, at trial, relying on the theory of waiver as opposed to estoppel. Likewise, appellant’s trial counsel specifically agreed that the trial court not give any instruction defining waiver, so the adequacy of the trial court’s instruction on that subject cannot be urged on appeal.
During the cross-examination of Lane the trial court sustained an objection to a question by appellant’s counsel as to whether Lane was himself covered by a policy of errors and omissions insurance. Appellant argues that, since Lane’s credibility as to his receipt of knowledge of the vacancy was in issue, appellant should be able to impeach Lane’s credibility by showing that Lane was not covered by an errors and omissions insurance policy and, therefore, that Lane might have a motive to testify falsely to avoid personal liability to appellee. We do not agree. Appellee insurance company certainly did not rely on Lane or anyone to constantly investigate and to keep the company informed of potential hazards to insured property. Rather, the company merely wrote a condition into its policy that the company was not liable for loss occurring while the building was vacant or unoccupied beyond a period of 60 consecutive days. Therefore, it cannot be presumed that Lane would be liable for failure to communicate to appellee knowledge, if any, of the vacancy of the insured building. Appellant should have first shown, if possible, that the witness *427 Lane was concerned about some personal financial responsibility to appellee as the result of his testimony in this case before attempting to “frost the cake” by questions relating to the details or the degree of any such concern. Until there is some basis in fact indicating that a witness might actually be concerned that his truthful testimony will result in personal disadvantage to himself, all is but suggestions and arguments from the imagination of counsel. Until there was some reasonable basis indicating the witness’ concern, speculative questions relating to the possible responsibility of the witness or the witness’ errors and omissions insurer were likely to mislead the jury, were properly considered irrelevant, and were properly excluded by the trial judge. There was no specific offer (proffer) of evidence to establish Lane’s concern about personal disadvantageous consequences of his own testimony and there was no specific offer of the excluded evidence sufficient to comply with Florida Rule of Civil Procedure 1.450(b). See Ritter’s Hotel, Inc. v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940).
The judgment below is
AFFIRMED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.