401 So.2d 848 (1981)
Carlos G. LLANOS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-998/T4-534.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Rehearing Denied July 29, 1981.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Llanos was convicted by a jury of two counts of aggravated battery and was sentenced to five years  two to be served in prison and three on probation. He argues that the trial court erred in limiting his attempt to impeach a state's witness with a prior inconsistent statement, in imposing a sentence of two concurrent terms for one offense, and in imposing as a condition of probation that the appellant consent to search by any law enforcement officer at any time.
With regard to Llanos' first issue, even if the prior statement was otherwise properly admissible, it was not properly proffered and, therefore, it has not been preserved for appellate review.[1]Ritter's *849 Hotel v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940); Atlantic Coast Line R.R. Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922); Atlantic Distributors, Inc. v. Alson Mfg. Co., 141 So.2d 305 (Fla. 3d DCA 1962); 3 Fla.Jur.2d Appellate Review § 93 (1978).
As for Llanos' second issue, we agree that Llanos committed only one offense and he should have been convicted of only one charge. The jury found him guilty of two counts of aggravated battery  sections 784.045(1)(a) and (b). The court should have adjudicated and sentenced Llanos for only one count. Cf. Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA), pet. for review denied, 389 So.2d 1116 (Fla. 1980); Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974).
Turning to Llanos' third issue, our Florida Supreme Court has established that a condition of probation that requires a probationer to submit to a search at any time by any law enforcement officer or to any physical and chemical examinations at the request of a law enforcement officer is an invalid condition. Grubbs v. State, 373 So.2d 905 (Fla. 1979); Jones v. State, 384 So.2d 956 (Fla. 5th DCA 1980), pet. for review denied, 392 So.2d 1375 (Fla. 1980); Smith v. State, 383 So.2d 991 (Fla. 5th DCA 1980); Wood v. State, 378 So.2d 110 (Fla. 5th DCA 1980).
The trial court is directed to vacate the double judgments and sentences of aggravated battery and enter one judgment and one sentence for that crime. The trial court is further directed to delete from the new sentence any condition of probation in conflict with Grubbs.
REVERSED in part and REMANDED with directions.
COBB and COWART, JJ., concur.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I dissent in this case and would reverse and remand it for a new trial because I think a sufficient proffer of the impeaching statement was made and it was material.
Defense counsel sought to impeach a state witness by proof of a prior inconsistent statement. The statement was on a tape he was prepared to play in court.[1] The court ruled the tape should be played. A side bar conference was then held and the State Attorney said:
Your honor, I believe the point Mr. Carpenter [the public defender] seeks to impeach this witness by is whether or not she said or indicated at a prior time that Mr. Romano told her to leave the area when he saw his friends coming at him, in light of the current testimony that he did not tell her to leave. Is that correct?
Defense counsel responded that was the substance of the statement. The state attorney then objected to its admission because it did not impeach the witness on a "material" part of her testimony. The trial court denied its admission on that ground.
The purpose of requiring a proffer is two-fold. The substance of the statement should be presented to the trial judge so that he can properly rule on its admissibility, and the substance of the statement should be in the record so the appellate court can effectively review the trial court's ruling. Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978); Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976). Here the attorneys together agreed what the substance of the impeaching statement was, the purpose of its being offered was clear, and the trial judge was sufficiently apprised of its content so that he was able to rule on the merits of its admissibility.
Because I believe the correctness of the trial judge's ruling was presented for our review, I would hold that its ruling excluding *850 the impeachment was harmful error because the statement directly contradicted the witness' testimony on the key question of which party (the defendant or Romano) was the aggressor in the barroom fight.[2]
I concur otherwise with the balance of the majority opinion.
NOTES
[1] The dissent herein by Judge Sharp indicates that the state and defense counsel had agreed upon "the substance of the impeaching statement" and, therefore, proffer was unnecessary. In the instant case, however, it is crucial to admissibility of the proposed impeachment to know whether the purported directive by Romano to the witness (Linda) to leave the bar came before or after Romano had been overtly threatened in the bar by the defendant's companion. Unless it was prior to the threat, then the proposed impeachment was immaterial, as the trial court ruled. We cannot know this without the proffer, which was not precluded by the trial court. Nor was this point agreed to between the state and defense counsel.
[1] Apparently because of budget problems it was the local practice for the public defender not to have depositions transcribed, and the courts allowed the playing of tapes in such criminal trials.
[2] Coco v. State, 62 So.2d 892 (Fla. 1953); Coxwell v. State, 361 So.2d 148 (Fla. 1978); Johnson v. State, 178 So.2d 724 (Fla. 2d DCA 1965); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).