414 So.2d 298 (1982)
Albert Jay KETROW, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1503.
District Court of Appeal of Florida, Second District.
May 28, 1982.
Jerry Hill, Public Defender, and Linda Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant, Albert Jay Ketrow, appeals his conviction by jury for grand theft in violation of section 812.014(2)(b)1, Florida Statutes (1981). Ketrow was sentenced to three years imprisonment.
Evidence in the record indicates that Ketrow absconded with a construction trailer from a building site. The trailer was taken to a vacant lot where it was looted and partially dismantled. The owner of the vacant lot testified that he had given Ketrow permission to park a trailer on the lot for a few weeks because Ketrow's truck was in the garage.
Ketrow's defense at trial was that he had taken the trailer only because his boss had instructed him to do so. During direct examination Ketrow attempted to testify concerning what his boss had told him about the trailer. The testimony was objected to on hearsay grounds, and the court sustained the objection. No proffer was made.
Ketrow now argues that the trial court committed reversible error by refusing to let him testify to what his boss had said concerning the stolen trailer.
However, Ketrow has not properly preserved this point on appeal, and we are therefore excluded from considering the merits. Specifically, Ketrow's counsel failed to proffer his intended testimony. It is clear that failure to make a proffer of *299 evidence which would demonstrate that the proposed evidence was improperly excluded prevents appellate consideration or acceptance of the point. Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978); City of Hialeah v. Revels, 123 So.2d 400 (Fla. 3d DCA 1960). While the consequences of this rule are harsh, we feel it is necessary to ordered justice and prevents an appellate panel from speculating as to what someone might have said or what some document might have contained, as well as what effect, if any, it may have had on the result.
Assuming arguendo that the point had been properly preserved, undoubtedly it would be mired in the harmless error doctrine. A reading of the transcripts indicates that Ketrow was successful in getting his version of the story before the jury. The record reflects, through the testimony of a police officer, that appellant was told by his boss to pick up the trailer. Similarly, before the specific conversation between Ketrow and his boss was objected to, Ketrow was allowed to assert that he had been sent by his boss to pick up the trailer. The jury did not believe that such was the case.
Accordingly, the adjudication of guilt and sentence is AFFIRMED.
HOBSON, A.C.J., and SCHOONOVER, J., concur.