422 So.2d 336 (1982)
A. McD., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2210.
District Court of Appeal of Florida, Third District.
November 9, 1982.
Rehearing Denied December 13, 1982.
*337 Bennett H. Brummer, Public Defender, and Elliot Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals an adjudication of delinquency upon two counts of battery on a police officer and one count of resisting arrest with violence. The defendant entered a plea of not guilty, contending at trial that the police officers had in fact assaulted the defendant.
The defendant first contends that the trial court improperly sustained the state's objection when, on cross-examination, defense counsel asked one of the arresting officers, "Have you ever been subject to any disciplinary investigations?" The defendant in a criminal case is accorded wide latitude in the cross-examination of prosecutorial witnesses. Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982); Porter v. State, 386 So.2d 1209 (Fla. 3d DCA 1980); Lutherman v. State, 348 So.2d 624 (Fla. 3d DCA 1977). All witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice, or interest. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); D.C. v. State, 400 So.2d 825 (Fla. 3d DCA 1981). The defendant cites several cases[1] for the proposition that inquiry into prior or pending disciplinary action is proper cross-examination. While we are in agreement with those decisions, under the facts of the present case, we find no error.
It is axiomatic that failure to proffer what the excluded evidence would have revealed precludes appellate consideration of the alleged error. Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978); Seaboard Air Line Railroad Co. v. Ellis, 143 So.2d 550 (Fla. 3d DCA 1962). The Florida Evidence Code, Section 90.104, Florida Statutes (1979) provides:
(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
... .
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked.
In the present case, no offer of proof was made to indicate the testimony to be elicited from the police officer. The bare question, "Have you ever been subject to any disciplinary investigations?" provides *338 no insight as to its relevancy.[2] Thus, while it is clear that a disciplinary investigation, concerning prior incidents of excessive force or arising out of the arrest of this defendant, would be relevant; it is equally apparent that a prior investigation for something remote in time, or unrelated to excessive force would not be relevant. See Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974) (fact that two years earlier undercover agent became involved in police work in order to prevent criminal charges from being prosecuted against him for his own arrest in a narcotics case, and charges had been dropped six months earlier, was not relevant to show bias). It is in this crucial respect that the instant case is distinguishable from those cited by the defendant. In each of those decisions, the relevancy was apparent from the question being asked or from the proffer that was made.[3] We therefore find that the absence of such a proffer in the present case precludes our review of the alleged error.
The appellant, in apparent reliance upon Section 90.104(3), Florida Statutes (1979)[4] and Davis v. Alaska, supra, argues that the restriction of cross-examination constitutes fundamental error for which this court must reverse. We disagree. This section can hardly be applied where the party fails to make an offer of proof since, as a result of this failure, there is an absence of material in the record to disclose the error. See Law Revision Council Note to § 90.104(3), Fla. Stat. Ann. (1976).
We next consider the defendant's contention that the trial court improperly refused to allow inquiry into the substance of conversations which the three arresting officers had with the state attorney in the presence of each other. In Duncomb v. State, 237 So.2d 86 (Fla. 3d DCA 1970), this court held that curtailment of cross-examination on this issue is not improper since
[t]he only value or materiality to the defendants of disclosing that the said state witnesses were interviewed in the presence of each other prior to trial, was that the credibility of those witnesses could be considered by the jury to have been lessened through the possibility that one may have been influenced (beyond his personal observation or recollection) by information supplied by another, during such joint interrogation.
237 So.2d at 87. Once the fact became known, the trier of fact was in a position to consider the credibility of the witnesses.
For the foregoing reasons, we affirm.
NOTES
[1] Mendez v. State, supra; D.C. v. State, supra; Lutherman v. State, supra; Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976).
[2] We can only conclude by the absence of a proffer that the attorney was engaging in a fishing expedition during trial. To propound such a question, without knowing what the answer would be, can only serve to taint the minds of the jurors. An attorney who employs such tactics deserves a rebuke from the trial judge.
[3] Mendez v. State, supra, (proffer of police officer's prior suspensions without pay for excessive use of force, as well as pending investigation for pulling a revolver on a traffic violator); D.C. v. State, supra, (evidence that the defendant's sister had filed a complaint against police officers who arrested defendant); Lutherman v. State, supra, (cross-examination of police officer for police brutality in making the defendant's arrest); Webb v. State, supra, (proffer that defendant was being framed by the police department because of a pending civil suit for false arrest).
[4] Section 90.104(3):

Nothing in this section shall preclude a court from taking notice of fundamental errors affecting substantial rights, even though such errors were not brought to the attention of the trial judge.