COBB, Judge.
The defendant, Paul Louis Thomas, was tried for robbery. At trial defense counsel moved for the court to allow Thomas to display his upper body to the jury without subjecting himself to cross-examination. One of the robbery victims previously had testified that she observed no marks, tattoos, or chest hair on the shirtless robber. The motion was denied and the defendant was convicted.
On appeal it is contended that denial of the motion for the defendant to silently exhibit his torso to the jury was reversible error. The argument is that such a physical exhibition, had it been required by the state, would not be considered testimonial and, therefore, would not violate the privilege against self-incrimination. See: Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Therefore, argues the appellant, the converse of that proposition is available to a defendant at trial: he may present non-testimonial “physical” evidence without losing his right against self-incrimination.
We must reject appellant’s argument for two reasons. First, the record fails to reveal that the motion was accompanied by any representation or proffer by the defense regarding the ostensible purpose of the proposed display. The trial judge should have been apprised of the basis for the motion in order to preserve his *246 denial of that motion as an issue for appellate review. Castor v. State, 365 So.2d 701 (Fla.1978); Sotola v. State, 436 So.2d 1001 (Fla. 5th DCA 1983); Llanos v. State, 401 So.2d 848 (Fla. 5th DCA 1981); Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981).
Even had the denial of the motion been properly preserved for appellate review, there is another problem with the appellant’s contention. We agree that a physical display such as that suggested here would not be “testimonial.” See, e.g., United States ex rel. Mitchell v. Pinto, 438 F.2d 814 (3d Cir.1971), cert. denied, 402 U.S. 961, 91 S.Ct. 1622, 29 L.Ed.2d 124 (1971). But see, Machin v. State, 213 So.2d 499 (Fla. 3d DCA), cert. denied, 221 So.2d 747 (Fla.1968). But that fact does not, ipso facto, render such evidence admissible at trial in the absence of any qualifying predicate.
It would be difficult to fault a trial judge for denying a formal introduction of physical evidence with absolutely no testimony from any source to explain it or establish its relevance. Would it be proper to receive such evidence, absent any possible cross-examination, and leave to the jury’s uninformed speculation any and all questions concerning the consistency of the defendant’s physical appearance between the time of trial and the time of the crime, the purpose of the demonstration, and the possible explanations for any conflicts between testimony and appearance? Given these ambivalences, we could not determine the trial judge’s denial of the motion to be harmful error, if error at all.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.