483 So.2d 858 (1986)
Garfield James WOODSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-788.
District Court of Appeal of Florida, Fifth District.
February 27, 1986.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Woodson appeals from his conviction and adjudication of resisting an officer without violence, section 843.02, Florida Statutes (1983), and possession of marijuana. He argues the trial court erred in sustaining the state's objection to the admission of character evidence of one of the police officers who arrested him. While we agree that error possibly occurred in this case pertaining to the resisting arrest charge,[1] we do not think this point was preserved on appeal as no proffer was made or attempted by trial counsel.
At trial defense counsel sought to elicit testimony concerning the officer's reputation in the community:
DEFENSE COUNSEL: Now, had you seen either of those officers before?
A. I seen one of them before.
Q. All right. Do you know his name?
A. No.
Q. Had he been in Sister Reeds before?
A. Yes, he come up pretty regular.
Q. Does he have a reputation in Sister Reeds?
A. Yes.
Q. Does he have a reputation in the Parramore community?
A. Right.
Q. Do you know what that reputation is?
PROSECUTOR: I'm going to object, Your Honor.
THE COURT: I'll sustain the objection... .
*859 The court ruled that the officer's reputation in the community was not admissible under section 90.404 of the Evidence Code because the officer was neither a "victim" nor an "accused." Section 90.404(1) provides:
Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:
(a) Character of accused.  Evidence of a pertinent trait of his character offerred by an accused, or by the prosecution to rebut the trait.
(b) Character of victim. 
1. Except as provided in s. 794.022, evidence of a pertinent trait of character of the victim of the crime offered by an accused... .
Woodson argues he offered the testimony to show that the officer was the aggressor and that in seizing him without any grounds or provocation, he was acting unlawfully. Although a police officer is not thought of as a "victim" in such a context, who was actually the aggressor in the encounter has the same relevance as in a case where self-defense is the issue. See Barnhardt, Charles W., Florida Evidence § 404.6 (2d ed. 1984). If the officer was the aggressor and acting outside his lawful duties, Woodson could have been exonerated for resisting an unlawful arrest without violence. Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981); Lee v. State, 368 So.2d 395 (Fla. 3rd DCA 1979), cert. denied, 378 So.2d 349 (Fla. 1979).
However, because defense counsel did not proffer to the court what the content of the witness' testimony was going to be concerning the officer's reputation, we do not think this error was preserved on appeal. Whitted v. State, 362 So.2d 668 (Fla. 1978); Ketrow v. State, 414 So.2d 298 (Fla. 2d DCA 1982); Llanos v. State, 401 So.2d 848 (Fla. 5th DCA 1981). Section 90.104 of the Evidence Code provides:
(1) A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected and:
(b) When the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer of proof or was apparent from the context within which the questions were asked. (Emphasis supplied).
In this case, defense counsel made no formal offer of proof to the court, and the witness' response was not "apparent" from the context of the question. Logically, since the defense called him to testify, we assume it would have been adverse to the officer and favorable to Woodson. However, we cannot speculate as to what it would have been. Ketrow v. State, supra.
At the side-bar conference prior to the trial court's ruling, the defense counsel explained that he was not attacking the officer's credibility, but "more to his harassment of people in doing this kind of thing." The trial judge was thus aware of the general thrust and content of the witness' expected testimony. However, we do not think its relevancy and materiality were also comprised in counsel's abbreviated proffer. See McD. v. State, 422 So.2d 336 (Fla. 3rd DCA 1982).
AFFIRMED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] Woodson was charged with resisting arrest with violence, section 843.01, Florida Statutes (1983), and was convicted of resisting arrest without violence, section 843.02, Florida Statutes (1983). Defense counsel requested the instruction on section 843.02.