PER CURIAM.
Jose Perez appeals his conviction for possession of cocaine. We affirm.
First, assuming arguendo the prosecutor’s comments during opening statement were improper, the trial court acted within the bounds of sound discretion in giving a curative instruction, rather than ordering a mistrial. Second, in the unusual circumstances of the present case, the trial court had discretion to limit the cross-examination under section 90.403, Florida Statutes (1987). cf. Duncomb v. State, 237 So.2d 86, 87 (Fla. 3d DCA 1970) (“the cross-examination which was presented ... sufficiently placed the jury in a position to consider ... the credibility of the witnesses”). Third, the evidence was sufficient to convict the defendant. See Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Lawson v. State, 319 So.2d 613 (Fla. 1st DCA 1975). Fourth, the prosecutor’s closing argument did not constitute a comment on silence. See White v. State, 377 So.2d 1149 (Fla.1979), habeas corpus denied, 386 So.2d 643 (Fla.), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980); Whitfield v. State, 479 So.2d 208, 216-17 (Fla. 4th DCA 1985).
Affirmed.