PER CURIAM.
The defendant Terrance Strapp appeals final judgments of conviction and sentences for (1) aggravated battery with a firearm and (2) grand theft of an automobile, which were entered below based upon adverse jury verdicts. We affirm.
The defendant raises no point on appeal as to his judgment of conviction and sentence for grand theft. This being so, such judgment and sentence must necessarily be affirmed.
The defendant’s sole point on appeal as to his judgment of conviction and sentence for aggravated battery is that the trial court committed reversible error in precluding the defendant from cross examining the complaining witness on the aggravated assault charge concerning the latter’s probationary status at the time of the incident charged. It is urged that such restriction violated the defendant’s constitutional right to confront the witnesses against him guaranteed by the Sixth Amendment to the United States Constitution, relying on Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We do not reach the merits of this point because it has not been properly preserved for appellate review.
We reach this result because it is entirely unclear from this record that the defendant was, in fact, attempting to establish, in accord with Davis, that the complaining witness was on probation at the time of the charged incident and thus had a motive to lie as to the events of such incident in order to curry favor with the state and protect his probationary status. The defendant never made an offer of proof on this matter or any argument to that effect in the trial court. Indeed, defense counsel’s cross *28 examination of the complaining witness before the jury seems to indicate that counsel, to the contrary, was attempting to establish that said witness was on probation at the time of the latter’s prior criminal convictions — an obviously impermissible attack on the witness’ character, Espinosa v. State, 589 So.2d 887, 892, 893 (Fla.1991); Chavers v. State, 380 So.2d 1180 (Fla. 5th DCA), cert. denied, 388 So.2d 1118 (Fla. 1980); § 90.404, Fla.Stat. (1989):
“Q. Have you ever been convicted of a crime?
A. Yes.
Q. How many times?
A. Two times.
Q. Were you on probation at the time?
MS. FRANK: Objection.
THE COURT: I am going to sustain it. That is irrelevant, Mr. Druks.
MS. FRANK: I move to strike, Your Honor.
THE COURT: I am not going to strike it. Disregard it, ladies and gentlemen. It is not really relative to the issues of credibility involved in this case.”
R. 181.
It is true that the trial court had previously granted the state’s motion in limine and ruled that the defendant could not ask the complaining witness questions concerning the latter’s probation for possession of cocaine (R. 160) but could inquire into the witness’ “open weapons” charge. It is not at all clear, however, from this record that the witness was on probation at the time of the charged incident — as there is only brief indication by the prosecuting attorney during the hearing on the state’s motion in limine that she thought the witness was currently on probation (R. 159). In any event, the defense counsel appears to have agreed with the trial court’s overall ruling in this respect (R. 160), which is not at all surprising as it appears from the entire argument on the state’s motion in limine that defense counsel was not seeking to attack the complaining witness’ credibility by showing that the witness was on probation at the time of the charged incident and thus had a motive to lie, but, to the contrary, was attempting to attack the witness’ character by showing that the witness had a criminal past for violent-type crimes (R. 156-60).
Given this confused state of the record, we conclude that defense counsel was required to make a clear offer of proof in the record as to what he expected to prove on cross examination of the complaining witness. A. McD. v. State, 422 So.2d 336 (Fla. 3d DCA 1982); § 90.104(l)(b), Fla.Stat. (1989). Counsel should have informed the trial court, in response to the state’s motion in limine, that he intended to establish that the complaining witness was on probation at the time of the charged incident and thus the witness’ credibility, not his character, was suspect as the latter had a motive to lie to protect his probationary status and to curry favor with the state. No such offer of proof or argument was made below, because, as previously stated, it probably was never counsel’s intention to introduce such evidence. In any event, we conclude that the point urged by the defendant is being made for the first time on appeal and has not been properly preserved for appellate review. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Woodson v. State, 483 So.2d 858 (Fla. 5th DCA 1986).
For the above-stated reasons, the final judgments of conviction and sentences under review are, in all respects.
Affirmed.