PER CURIAM.
Defendant appeals his conviction for manslaughter with a firearm, section 782.07, Florida Statutes (1991). We affirm. The record demonstrates'that both excusable and justifiable homicide were defined for the jury. The trial court properly denied the defendant’s motion for judgment of acquittal. See Demurjian v. State, 557 So.2d 642 (Fla. 4 DCA), review denied, 569 So.2d 1278 (Fla.1990). According to the evidence presented by the state, the jury could have found that defendant, without prior warning, shot and killed the unarmed victim following the victim’s verbal abuse of the defendant. See Delgado v. State, 361 So.2d 726 (Fla. 4th DCA 1978). Evidence of cocaine in the victim’s system was properly excluded. The defendant had no knowledge of the alleged drug use, and thus the evidence had no bearing upon the defendant’s state of mind and resultant actions. Lozano v. State, 584 So.2d 19 (Fla. 3d DCA 1991), review denied, 595 So.2d 558 (Fla.1992). Defendant has not preserved for review the issue of whether the trial court improperly limited his right to cross-examine any state witness regarding their immigration status. Strapp v. State, 588 So.2d 27 (Fla. 3d DCA 1991).
Accordingly, the order under review is affirmed.