DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMAN FARRELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-683

[May 29, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 14-14305CF10A.

Carey Haughwout, Public Defender, and Kai Li Aloe Fouts, Special Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Herman Farrell appeals his conviction of first-degree murder for shooting his lifelong friend, Sean Fleming. We reverse because where the sole defense to the crime was self-defense, the trial court erred in excluding evidence of the victim's prior act of violence which was known to the defendant.

Both Farrell and the victim were drug dealers and, according to the testimony at trial, drug users. The two eyewitnesses to the shooting, Jacqueline Hutchinson and Nicole Bazini, partied and did drugs with Farrell and the victim. Things began to go downhill when Farrell got angry because when he woke up his gun and some drugs were missing. During Farrell's angry search for his property, he learned that the victim had his things. The victim put the gun in a sock, taunted Farrell with it, and refused to give it back.

The shooting occurred outside of a condominium complex. Hutchinson and Farrell had been driving around together; she said he smoked about thirty Flakka cigarettes and described himself as "a beast." When they got

back into the complex, Hutchinson ran into Bazini's unit and told the victim that there was something wrong with Farrell, that he was acting very angry, and that he had kidnapped her.

According to Hutchinson, she and the victim came out of Bazini's unit together. The victim had the sock with the gun in it and was waving it over his head. He said, "You like to beat women. I have your gun. You're not getting it." Hutchinson testified that the victim "never said another word." She said that the victim never threatened Farrell and that when the victim turned to go back into the condominium, Farrell bent down behind her car and opened fire with a handgun.

Bazini testified that Farrell "freaked out" when she told him that the victim had taken his gun and drugs. Knife in hand, she said Farrell dragged Hutchinson by her hair out of the condo. During the day, Bazini witnessed the victim smoking Flakka. Later on, while he was in the process of moving out of Bazini's unit, he tucked the sock covered gun into his waistband. When Hutchison and Farrell pulled up, the victim pulled the sock and gun out and began to swing it, "like taunting," and left the house to confront Farrell. Bazini did not witness the shooting, but she did hear Farrell say, "I am going to kill you."

On the state's motion, the trial court excluded Bazini from testifying that, in Farrell's presence, the victim had hit her in the back of the head several days before he was killed.

During Farrell's testimony, he claimed that he shot the victim in self-defense. The victim was his best friend and "brother"; they had known each other for thirty years. He suggested that the victim's murder of a mutual friend had cooled their relationship.

Sustaining the state's objection, the trial court precluded Farrell from testifying that he had witnessed the victim beating Bazini three days before the shooting, that he had to stop the victim from kicking Bazini on the floor, and that ever since the victim started smoking Flakka, he had seen him threaten and pull guns on people. Precluded from bringing up specific acts of violence, Farrell was permitted to testify about the victim's reputation for violence in the community.

When the victim walked out of Bazini's condo, Farrell claimed "he was belligerent towards me and pointing the gun at me and threatening me." Farrell shot the victim. When asked what was going through his mind before he fired, Farrell said:

> I knew he was not being himself. He was not looking at me as his brother anymore at this point. He was very unpredictable at this point. . . . He shot and killed somebody that was close to us. At that point I didn't want to become a victim. I had to basically do what I had to do.

He testified that if he had not shot the victim, his fear was that he would get "shot and killed."

Forensic testimony established that Farrell fired twelve shots from an automatic or semi-automatic handgun, with nine bullets hitting the victim.

Farrell challenges the exclusion of evidence about the incident that occurred three days before the killing during which the victim hit Bazini in the back of the head and beat her up, and Farrell had to stop him from kicking her when she was on the ground.[1]

A defendant asserting self-defense lays the predicate for admission of evidence of prior specific acts of violence by the victim by presenting evidence that:

> 1. He knew about the prior violent act at the time he committed the crime against the victim; and
>
> 2. the victim made some overt act at or about the time of the crime which may be reasonably regarded as placing the defendant in imminent danger.

*See Williams v. State,* 252 So. 2d 243, 247 (Fla. 4th DCA 1971). "[A] defendant's knowledge of a victim's specific acts of violence is a precondition to admissibility." *Antoine v. State,* 138 So. 3d 1064, 1076 (Fla. 4th DCA 2014). "A defendant need not be present when the prior acts occur, as long as he or she has knowledge of the acts at the time of the incident in question." *Hedges v. State,* 667 So. 2d 420, 423 (Fla. 1st DCA 1996).

---

[1] Farrell also challenges the exclusion of an incident where the victim pulled a gun on Hutchison. Defense counsel did not proffer evidence that Farrell knew about this prior violent act, so the necessary predicate was not laid to establish the relevancy of the testimony. *See Singh v. State,* 36 So. 3d 848, 851 (Fla. 4th DCA 2010) (no error excluding prior violent act evidence where there was no testimony that the defendant knew of the specific prior violent act); *Covington v. State,* 302 So. 2d 483, 484 (Fla. 2d DCA 1974) (no error excluding evidence of victim's prior violent acts that were unknown to the defendant).

The defendant need only show the "'slightest evidence' of an overt act by the victim 'which may be reasonably regarded as placing the accused apparently in imminent danger of losing his life or sustaining great bodily harm.'" *Quintana v. State*, 452 So. 2d 98, 100 (Fla. 1st DCA 1984) (quoting *Hawthorne v. State*, 377 So. 2d 780, 787 (Fla. 1st DCA 1979)).

Once the proper predicate is laid, "all doubts as to the admission of self-defense evidence must be resolved in favor of the accused." *Smith v. State*, 606 So. 2d 641, 643 (Fla. 1st DCA 1992). "The right to testify includes the right to testify fully, without perjury, to matters not precluded by a rule of evidence." *Wilson v. State*, 12 So. 3d 292, 297 (Fla. 4th DCA 2009).

Evidence of the victim's prior violent act of beating up Bazini, was relevant, and admissible, and erroneously excluded. The issue was preserved for appellate review.

There are two distinct pieces of evidence that should have been admitted:

> (1) The defendant's testimony that he knew about the specific act of violence was admissible and relevant to show "the reasonableness of the defendant's apprehension to support a self-defense claim." *State v. Smith*, 573 So. 2d 306, 318 (Fla. 1990).

> (2) Bazini's testimony about the violent act was admissible and relevant to corroborate the defendant's testimony. *Id.*

We reject the State's argument that the issue was not preserved because defense counsel only provided the court with a modicum of information regarding the desired testimony, and did not proffer the specific content which would have preserved the issue for appellate review.

We find *Woodson v. State*, 483 So. 2d 858 (Fla. 5th DCA 1986), distinguishable. There, defense counsel sought to introduce evidence of a victim/law enforcement officer's reputation. When the court excluded the testimony, counsel did not make a proffer. The trial court was aware of the "general thrust and content" of the expected testimony because counsel told the court that he wanted to establish the officer's "harassment of people in doing this kind of thing." *Id.* at 859. The appellate court found the proffer insufficient because the defendant failed to show the "relevancy and materiality" of the anticipated testimony. *Id.*

In contrast, here, in support of the State's motion in limine, the prosecutor told the court of the content of Bazini's testimony – that the victim hit Bazini three times in the head. Statements of counsel can constitute a sufficient proffer. Charles W. Ehrhardt, 1 Fla. Prac., Evidence § 104.3 (2018 ed.). As for the defendant's anticipated testimony, he was placed on the stand outside of the presence of the jury and testified on the record about the incident. Sufficient to show the relevancy and materiality of the excluded testimony, these proffers were adequate to preserve the issue for appellate review.

Here, Farrell testified to the "overt act" necessary for admission of evidence of the victim's prior violent act by saying that the victim took the defendant's loaded Smith and Wesson 40-caliber automatic handgun and approached the defendant while brandishing it. Such conduct by the victim just prior to the shooting could be reasonably regarded as placing Farrell in imminent danger. *See Quintana*, 452 So. 2d at 100. The defendant established the relevance of the prior violent act by establishing that he had knowledge of the incident because he was present at the time it occurred. Finally, Farrell established the materiality of the incident by testifying that the victim committed a violent act against Bazini a few days before he was killed. The defendant thus laid an adequate foundation for the admission of the evidence. "[A]ll doubts as to the admission of self-defense evidence must be resolved in favor of the accused." *Smith*, 606 So. 2d at 643; *see also Wilson v. State*, 971 So. 2d 963, 965 (Fla. 4th DCA 2008) (reversing where the defendant laid the proper predicate for admission of evidence of the victims' prior violent acts and the jury convicted the defendant without hearing any evidence of the history between the defendant and the victims); *Grace v. State*, 832 So. 2d 224, 226 (Fla. 2d DCA 2002) (where the defendant asserted self-defense and laid the proper predicate for admission of evidence of the victim's prior violent acts, exclusion of the evidence was reversible error).

Finally, we conclude that the exclusion of evidence of the victim's prior violent act was not harmless error. This court may reverse a trial court's judgment excluding evidence "when a substantial right of the party is adversely affected." § 90.104(1), Fla. Stat. (2017). "When a defendant's sole defense is self-defense, it may be prejudicial error to exclude competent evidence supporting that defense." *Mohler v. State*, 165 So. 3d 773, 775 (Fla. 2d DCA 2015); *see also Hughes v. State*, 36 So. 3d 816, 817 (Fla. 1st DCA 2010) ("Given that Appellant's entire case rested on the theory of self-defense, we are unable to say that the error in excluding the testimony regarding his knowledge of his girlfriend's prior acts of violence had no effect on the jury's verdict despite the fact that the jury heard

testimony about some of the acts."); *Smith*, 606 So. 2d at 643–44 ("Considering the nature of the evidence in this case, especially the conflicts between the theories offered by the two sides and the fact that the erroneously excluded evidence went to appellant's only defense, the error must be considered harmful.").

Here, neither the defendant nor the eyewitnesses to the shooting were paragons of probity. As discussed above, Farrell's testimony was relevant to show that his apprehension of the victim was reasonable. Bazini's testimony was relevant to corroborate the defendant's testimony that the violent incident occurred. In closing argument, the prosecutor highlighted the absence of any testimony that corroborated the defendant's claim that the victim was violent:

> The only person that testified, remember, that [the victim] was violent and aggressive was the defendant. He had an interest in the outcome of the case. He is a two-time convicted felon.
>
> Jacqueline Hutchinson, Nicole Bazini. Both testified and were consistent that [the victim] when he used drugs was not aggressive, was not violent. He was euphoric, irritable, not aggressive and not violent.

Where a defendant's entire defense hinges on self-defense, "the reasonableness of the apprehension in the mind of the defendant at the time of the slaying" is a crucial fact. *Williams*, 252 So. 2d at 247. We cannot say that "there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio,* 491 So. 2d 1129, 1135 (Fla. 1986).

*Reversed and remanded for a new trial.*

TAYLOR and LEVINE, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**