PER CURIAM.
On this appeal of her sentences pursuant to pleas of nolo contendere to two counts of grand theft, Natina Sullivan challenges the orders imposing probation and restitution on several grounds. We affirm in all respects but the following, as to which we remand this cause for further proceedings.
The probation order states as condition # 7 that “You will work diligently at a lawful occupation and support any dependents to the best of your ability, as directed by your probation officer.” The state agrees that this condition should be modified to read that upon release from prison, Appellant is required to seek gainful employment. Evans v. State, 608 So.2d 90 (Fla. 1st DCA 1992).
The order requires Appellant to pay as restitution a total of $85,133.91, plus 12% interest, from February 24,1992 (the date of the final judgment), which includes the funds Appellant allegedly took from her employer’s trust account, interest the employer paid on loans taken to repay those funds, research costs and accountant fees. It also orders Appellant to begin making restitution payments within 60 days of her release from prison “in an amount agreed upon between the defendant and her probation officer.”
The restitution order must be modified to reflect a reduction in the stated amount of restitution by $3,500.00, which represents the amount of Appellant’s surety bond that the circuit court ordered to be paid to the victim. The state concedes error on this point. The restitution order also must be modified to reflect that upon Appellant’s release from incarceration, the probation officer may recommend a monthly payment schedule, which must be approved by the court. Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984).
AFFIRMED in part, REVERSED and REMANDED in part.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.