ERVIN, Judge.
Appellant, Angelo R. Davis, raises two issues on appeal from his criminal judgment and sentences. First, he contends that the trial court erred by failing to grant him credit for time previously served in prison. Second, he urges error by the court threatening to assess appellate costs against him if he elected to appeal. We agree with appellant on both points and reverse and remand.
Appellant was convicted upon a no contest plea of two counts of first-degree arson in violation of section 806.01, Florida Statutes (1991), and sentenced to concurrent terms of five years of incarceration followed by two years of probation. He completed the confinement portion of his sentences and, while he was serving his probationary terms, an affidavit of violation of probation was filed, resulting in the revocation of his probation and the imposition of concurrent 12-year prison sentences, with credit for only 871 days of time served. In so doing, the judge told appellant that he would reserve the right to impose appellate costs on him if he chose to appeal, because the judge considered any appeal to be frivolous. No such costs were actually imposed.[1]
The law is well established that a defendant is entitled to credit for unforfeited gain time accrued during the incarcerated part of his or her original split sentence upon being sentenced for revocation of probation. State v. Green, 547 So.2d 925 (Fla.1989). Because the trial court failed to credit appellant with the actual prison time and incentive gain time accrued during the first portion of his split sentence, appellant’s sentences must be reversed and the case remanded with directions to allow credit in accordance with Green. Accord Jones v. State, 633 So.2d 482 (Fla. 1st DCA 1994); Hill v. State, 565 So.2d 420 (Fla. 1st DCA 1990); Johnson v. State, 553 So.2d 770 (Fla. 1st DCA 1989). As the awarding of gain time is solely a function of the Department of Corrections,[2] there is no need to “resentence” appellant or have him present when the sentences are corrected.
Although neither party has raised this issue, we perceive an error in the sentencing forms in that the judgment indicates five convictions,[3] yet there are only sentences for four convictions. It appears that the fourth sentence should have been designated as “Counts I and II.” This correction should likewise be made on remand.
*289 In regard to the sentencing, we further note that appellant’s 12-year sentences for the two convictions of uttering a forged instrument exceed the five-year statutory maximum for those crimes. Although this issue was not raised, and the sentences in those cases are not before us in this appeal, they are clearly illegal sentences because a defendant cannot confer on a court the authority to impose an illegal sentence in excess of the statutory maximum. Fuller v. State, 578 So.2d 887, 889 (Fla. 1st DCA 1991), quashed on other grounds, 595 So.2d 20 (Fla.1992). And see Larson v. State, 572 So.2d 1368, 1371 (Fla.1991); Williams v. State, 500 So.2d 501, 503 (Fla.1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla.1988). Appellant must, however, file an ap propriate motion under Florida Rule of Criminal Procedure 3.800 to correct this error.
Turning next to appellant’s second issue, the trial court entered an order finding appellant to be insolvent and unable to pay the costs of appeal in this case. Section 924.17, Florida Statutes (1991), provides that if the court determines that the defendant is indigent and unable to pay costs, the appeal shall be a supersedeas without payment of costs. Thus, it is error to impose the costs of an appeal on an insolvent defendant. See Venuto v. State, 615 So.2d 255 (Fla. 3d DCA 1993). Although no such costs were actually imposed here, the trial judge’s comments were clearly improper.
REVERSED and REMANDED for correction of sentences.
MICKLE and DAVIS, JJ., concur.

.At the same time, appellant was sentenced to concurrent 12-year terms following revocation of probation in three other separate cases, to wit: Case No. 89-125 for third-degree uttering a forged instrument in violation of section 831.02, Florida Statutes; Case No. 89-126 for third-degree uttering a forged instrument; and Case No. 89-127 for second-degree burglary in violation of section 810.02, Florida Statutes.

. Green, 547 So.2d at 926-27.

. As previously indicated in footnote 1, appellant was also being sentenced for three other convictions.