666 So.2d 974 (1996)
Alvin I. KIRKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 95-901.
District Court of Appeal of Florida, First District.
January 16, 1996.
*975 Nancy A. Daniels, Public Defender; Christine M. Ryall, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Alvin I. Kirkland appeals his conviction and sentence for committing a lewd and lascivious act in the presence of a child. We write solely to address the propriety of various special conditions of probation that the trial court imposed in its written order but did not pronounce at the sentencing hearing. We affirm in part, reverse in part, and remand.
The trial court imposed various special conditions of probation in its written order that were not pronounced at the sentencing hearing.
A "special condition" of probation not pronounced orally at the sentencing hearing cannot be included in the written order. See, e.g., McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). However, "standard conditions" of probation (i.e., those listed in Section 948.03(1), Florida *976 Statutes) may be included in the written order even if they are not pronounced orally at the sentencing hearing.
Cumbie v. State, 597 So.2d 946, 947 (Fla. 1st DCA 1992). At issue in the present case are special conditions of probation (4), (7), (8), and (13).
Condition (4) provides: "You will not possess, carry, or own any firearm. You will not possess, carry, or own any weapons without first procuring the consent of your officer." As the Second District Court of Appeal has explained, the second sentence of this condition is a special condition that must be stricken if not orally pronounced.
[S]ince felons may not possess firearms, that portion of the condition is a valid general condition and need not be pronounced at sentencing. Thus, the first sentence of condition four is valid as a general condition of probation that need not be pronounced at sentencing and may be allowed to stand. However, since there is no similar statutory prohibition as to possession of weapons, we conclude that this prohibition is a special condition of probation that must be pronounced at sentencing in order to be valid. Accordingly, the second sentence of condition four must be stricken, and the first sentence of that condition should be allowed to stand.
Parsons v. State, 650 So.2d 176, 177 (Fla. 2d DCA 1995). On this basis, the second sentence of condition (4) must also be stricken in the present case.
Condition (7) provides: "You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used."
Condition seven, like condition four above, is partially valid. In Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994), we held that that portion of this condition that prohibits a probationer from visiting places where intoxicants are illegally sold is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. However, we further held that that portion of this condition that prohibits excessive use of those substances must be stricken if not orally pronounced. Since that portion of the condition was not orally pronounced here, it must be stricken. Condition seven has an added phrase that we conclude must also be stricken as vague. Appellant is prohibited from possessing "any drugs or narcotics unless prescribed by a physician." Since this prohibition could prohibit appellant from possessing over-the-counter cold medication or aspirin, it is too vague and must be stricken as well. Thus, the first sentence of condition seven should be stricken, and the second sentence should be allowed to stand.
Id. at 177-78. On this basis, the first sentence of condition (7) must also be stricken in the present case.
Condition (8) provides: "You will work diligently at a lawful occupation, advise your employer of your probation status and support any dependents to the best of your ability, as directed by your officer." Requiring a probationer to maintain full-time employment is an improper condition of probation because a down-turn in the economy could prevent its completion. Evans v. State, 608 So.2d 90, 91 (Fla. 1st DCA 1992). A more appropriate condition would be to require the probationer to "seek gainful employment." Id.; Sullivan v. State, 630 So.2d 685 (Fla. 1st DCA 1994). The portion of condition (8) that requires Kirkland to "work diligently at a lawful occupation" must be modified to read, "seek gainful employment." The portion of condition (8) that requires Kirkland to "support any dependents to the best of [his] ability," is a standard condition that need not be orally announced. § 948.03(1)(f), Fla. Stat. (1993).
Insofar as condition (12) requires appellant to submit to urinalysis, breathalyzer, or blood tests when requested, it is unobjectionable. But condition (12) also provides: "You shall be required to pay for the tests unless payment is waived by your officer." The portion of this condition that requires that Kirkland pay for the tests is a special condition that must be stricken because it *977 was not orally pronounced. Cumbie, 597 So.2d at 947.
Condition (13) provides: "You must undergo a mental health evaluation, and if treatment is deemed necessary, you must successfully complete the treatment." Although this is a special condition of probation, it was pronounced at the sentencing hearing, and thus is properly included in the written order.
We remand with directions that the order placing defendant on probation be corrected in accordance with this opinion. The judgment and sentence are, in all other respects, affirmed.
WOLF, BENTON, and VAN NORTWICK, JJ., concur.