PER CURIAM.
We affirm the appellant’s conviction and sentence for sale of marijuana. We remand for the trial court to make the follow *1359 ing corrections to the order of probation. First, that portion of Condition (12) of the probation order that requires the appellant to pay for random drug testing is stricken because it was not orally pronounced and is not included in the standard conditions of probation. E.g., Kirkland v. State, 666 So.2d 974 (Fla. 1st DCA1996). We also strike the special condition of probation ordering that the appellant, though pronounced indigent, would nonetheless be responsible for paying the costs of an unsuccessful appeal. See Davis v. State, 634 So.2d 287 (Fla. 1st DCA 1994). We likewise strike imposition of the public defender’s Hen where the appellant was not informed that he had a right to challenge the $450 assessment, see Brock v. State, 667 So.2d 1014 (Fla. 1st DCA 1996), and a 4 percent surcharge that was imposed without statutory authority. See. Klug v. State, 667 So.2d 956 (Fla. 1st DCA 1996). With regard to court costs in the amount of $255, the state acknowledges that the court orally pronounced costs only in the amount of $253. We thus strike $2. Further, we strike an additional $53 since we are unable to glean from the record the statutory authority for that assessment. On remand, the court may reimpose the $53 if the proper authority is cited. Bradshaw v. State, 638 So.2d 1024, 1026 (Fla. 1st DCA 1994). Although we conclude that a $609 assessment for depositions is authorized under section 27.56(l)(a), Florida Statutes, we reduce that amount by $200, the amount the appellant was assessed pursuant to section 27.3455, Florida Statutes. See § 27.56(l)(a), Fla. Stat.
The order is otherwise affirmed.
MINER, ALLEN and MICKLE, JJ., concur.