PER CURIAM.
Todd Valente appeals convictions for workers compensation fraud, grand theft and perjury, alleging that the trial court erred by excluding evidence of a history of litigation between a witness who testified against the appellant and the appellant’s father. He also alleges that the court erred by imposing the condition of probation that requires him to work diligently at a lawful occupation without considering the possibility that economic conditions could frustrate his attempt.
The record reflects that a question during cross-examination was posed by defense counsel as to whether litigation occurred between the witness and the appellant’s father. No evidence of any litigation was elicited from the witness because the state promptly objected, and no proffer was made after the objection was sustained by the court. The failure to proffer any evidence which would demonstrate whether or not the testimony was properly excluded prevents appellate review of this point. Finney v. State, 660 So.2d 674, 684 (Fla.1995), cert. denied, 516 U.S. 1096, 116 S.Ct. 823, 133 *657 L.Ed.2d 766 (1996); A. McD. v. State, 422 So.2d 336, 337 (Fla. 3d DCA 1982); Ketrow v. State, 414 So.2d 298, 299 (Fla. 2d DCA 1982).
Appellant’s probation order, which requires him to work diligently included the provision “to the best of your ability.” The inclusion of such language avoids the potential that appellant will be penalized for unemployment. Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996); Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993).
The judgment and sentence are affirmed.
AFFIRMED.
COBB, GOSHORN and PETERSON, JJ., concur.