740 So.2d 1253 (1999)
Gary Lloyd MANON, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-3514.
District Court of Appeal of Florida, Third District.
September 8, 1999.
Rehearing Denied October 13, 1999.
*1254 Alan S. Levine and Alisa Smith Holden, for appellant.
Robert Butterworth, Attorney General and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Defendant-appellant Gary Manon appeals revocation of his probation. We affirm.
In 1993 defendant pled guilty to two counts of familial sexual battery and was sentenced 364 days in Dade County jail followed by 10 years probation. One special condition of probation to which defendant agreed was Condition 21: "The defendant shall have no unsupervised contact with minors unless explicit permission is granted in writing by his program counselor." Defendant agreed to complete the Mentally Disordered Sex Offender Program ("MDSO") and did so.
In July 1997 defendant went to a local store to purchase various items. While entering the store defendant engaged a 10-year-old girl in conversation by asking her whether she liked Nintendo and whether she had a Nintendo game. Defendant testified that other adults were exiting the store at the time of the conversation. The child told defendant he would have to talk to her brother who was inside the store. Defendant then entered the store and engaged the 13-year-old brother in a conversation during which he promised the child that he would give him a Nintendo game and a typewriter. Defendant also obtained the child's name and address stating that he would talk to the child's parents and deliver the items. During this conversation other adults, including the store clerk, were in the vicinity, but none of the adults was paying any attention to the children or to defendant. Thereafter defendant went to the children's home and gave their mother a Nintendo game, a television and a typewriter.
The mother asked for defendant's name and address and he gave her his card. The children's parents gave the card to a police officer neighbor who learned defendant's legal status. Defendant was requested to appear at his probation officer's office. When he arrived defendant was arrested for violating the above-quoted special condition of his probation.
At the probation violation hearing, defendant, the children, the children's mother, defendant's MDSO counselor, defendant's adult daughters, the probation officer and the detective testified. The trial court found defendant guilty of violating the special condition of his probation and sentenced him to 12 years incarceration followed by five years probation.
In this appeal defendant raises several issues. First, defendant claims that Condition 21 of the probation order was overbroad and vague because it was possible for there to be an inadvertent or unintentional violation by defendant. The special condition forbade unsupervised contact with minors unless advance written permission was given. Defendant suggests that this condition could be violated if, for example, a minor spoke to him in a public place or if a minor were working behind the counter of a fast-food restaurant patronized by defendant. Defendant argues that under such circumstances there would be contact with a minor without written permission, yet the contact would be inadvertent or unintentional on his part.
Defendant's argument is misplaced. It is well-settled that in order to revoke probation the state must establish by the greater weight of the evidence that there was a willful and substantial violation of a *1255 condition of probation. See Benavides v. State, 679 So.2d 1195 (Fla. 3d DCA 1996). Thus, it is implicit in every condition of probation that what is forbidden is a willful and substantial violation. It is not true that defendant could have had his probation revoked for an unintentional violation. Read in that light, Condition 21 is neither vague nor overbroad.
Further, this case does not involve a claim of accidental or inadvertent contact with a minor. Rather, the State's prosecution was based on the claim that defendant voluntarily and intentionally initiated contact with the two minor children, knowing that such contact was forbidden by the probation order.
In support of his argument defendant cites several cases in which courts have reversed similar probationary conditions on the basis of overbreadth. See Swatzell v. State, 691 So.2d 594 (Fla. 3d DCA 1997)(condition that defendant have "no contact with anyone under 18 years of age unless supervised by someone over 25 years of age," overbroad because the possibility of unintentional violation exists; remanded to rephrase the condition); Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996)(special condition of no contact with female minor could make defendant subject "to unintentional violation should he subsequently be inadvertently placed in a work or social situation where young girls are present, without their parents or guardians"; remanded to rephrase the condition); Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995)(condition of no association or contact with child under 17 impermissibly broad due to possibility that defendant could be held in violation "should he be thrust into a situation at his job or in an unplanned social situation, where children are present and contact is unintentional on his part"; remanded to rephrase the condition). Those cases have no application here. Each involved a direct appeal of the probation order upon imposition of the condition. The question for the appellate court was whether the limitation on contact with minors could be stated with more precision to exclude the possibility that the condition would be read to cover an inadvertent violation. These are all cases in which the defendant, at the outset of probation, requested more particularity in the wording of the condition of no probation, before any violation had occurred. In light of the fact that probation can only be revoked for a willful violation, clarification may not have been strictly necessary, but in each case the appellate court concluded it would be desirable for there to be clarification. The fact that clarification was felt to be desirable did not render the condition void or unenforceable.
In this case the condition was imposed by agreement at the time of the original plea in 1993. It is not now a question of clarifying the condition prospectively. Instead, the question for decision is whether there has been a willful violation.
As his second point defendant argues that Condition 21 did not apply after he completed the MDSO treatment program. Defendant bases this claim on the fact that Condition 21 uses the term "program counselor" as follows: "defendant shall have no unsupervised contact with minors unless explicit permission is granted in writing by his program counselor." Defendant argues that "program counselor" means an MDSO "program counselor," and once he completed the MDSO program, this condition ceased to operate. Although this argument was not made to the trial court, for present purposes we assume, without deciding, that revocation of probation based on an expired condition would constitute fundamental error which would be cognizable for the first time on appeal. However, defendant is incorrect on the merits.
A fair reading of the intent of the plea agreement and the probation order is that the requirement of written consent to unsupervised contact with minors was to continue even after completion of the MDSO program, and that the probation officer was to assume the role of providing the *1256 consent. The record clearly shows that Condition 21 was explained by the probation officer to the defendant, and they both understood that Condition 21 would continue throughout the term of probation supervision.
Defendant's final argument is that the evidence presented was legally insufficient to support the trial court's finding that there was a willful and substantial probation violation. Defendant's defense centered on defendant's understanding of the prohibition on "unsupervised contact" as expressed in Condition 21. Defendant testified that he understood "supervised" to require that the contact occur in the presence of other adults. He reasoned that the contact at issue here was a supervised contact because it occurred in a busy convenience store at which there were adults outside the store and indoors throughout the contact. Defendant testified that to his understanding, speaking to the two children was permissible so long as there were other adults in the vicinity and that the intent of the probation order was to prohibit him from being alone with any minors.
"The determination of whether [a] probationer's violation was willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support the determination." Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998) (citation omitted); Robinson v.. State, 689 So.2d 1147 (Fla. 4th DCA 1997). "[T]he evidence upon which to predicate a revocation introduced at the hearing must be sufficient to satisfy the conscience of the court that a condition of probation has been violated." Bernhardt v. State, 288 So.2d 490, 495 (Fla.1974) (citations omitted); Perez v. State, 599 So.2d 1385, 1387 (Fla.3d DCA 1992).
In the present case the State adduced evidence from the probation officer that the condition had been explained to the defendant and that he had recently been cautioned about contact with minors during the summer period. Testimony was also received from the director of the MDSO program. Defendant testified to his own understanding, and produced other witnesses. The evidence was in conflict on the material issue of willfulness. The trial court resolved the issue against the defendant. The court found that the probation officer and MDSO director had given defendant sufficient explanation of this condition and that the violation was willful.
We conclude that the evidence was legally sufficient to support the finding of a willful violation. Accordingly, the order of revocation of probation is affirmed.