955 So.2d 1184 (2007)
John ROUNDTREE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2512.
District Court of Appeal of Florida, Third District.
May 2, 2007.
*1185 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, Miami, and Michael Mayer, Certified Legal Intern, for appellant.
Bill McCollum, Attorney General, Orlando, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before GERSTEN, RAMIREZ, and SUAREZ, JJ.
SUAREZ, J.
The defendant below, John Roundtree, appeals the order revoking his probation and imposing a five-year sentence. We affirm the trial court's findings of violation of probation for failure to report and for change of address without permission, but reverse on the other issues and remand for reconsideration.
The defendant pled guilty to aggravated battery and was sentenced to serve eighteen months of probation. Special conditions included: monthly reports to his probation officer, community service, domestic intervention program, psychological evaluation and treatment if needed, and obtaining his probation officer's approval before changing his residence. In the seventh month of probation, the probation officer filed an affidavit alleging the defendant violated the conditions listed above.
At the probation revocation hearing, the probation officer testified that he instructed the defendant regarding the conditions of probation. He gave the defendant referrals for a domestic violence program and a psychological evaluation. He did not give the defendant time limits for contacting the programs or completing these tasks. The defendant reported to the probation officer for the first two months of his probation. However, he stopped reporting *1186 after the hurricanes in July and August, 2005. The probation building was destroyed in the storms and the office was relocated. Officers were posted in the old office's parking lot during business hours for a month after the storms. A sign at the old building directed probationers to the new office location. In December 2005, the officer left his business card at the defendant's home, which appeared to be vacant. The defendant never contacted him. The defendant had not attended the domestic intervention program as of December 16, 2005. As of September 1, 2006, the probation officer had not received reports from the domestic program or psychologist that would indicate the defendant had completed either referral.
The defendant testified at the revocation hearing that he stopped reporting to his probation officer because he was ill. He was hospitalized for six weeks, then resided in a convalescent home for six weeks for additional treatment. He went to the old probation office some time in November 2005, but the building looked abandoned. He lost the probation officer's contact information so he did not call. The defendant testified that he reported for psychological testing on several occasions before he became ill. The doctor was out of the office several times. On the last visit, the doctor was in, but the defendant did not have the doctor's ten dollar fee. The defendant testified he reported to the domestic intervention program right after receiving the referral from his probation officer, but was turned away because all the classes were full.
The trial court orally found that the defendant violated the conditions of probation, revoked probation, and sentenced him to five years' imprisonment. Defendant timely appealed.
For a trial court to revoke probation based on a violation of a condition of probation, the State must prove by a preponderance of the evidence that the defendant willfully and substantially violated that condition. We review the trial court's ruling for an abuse of discretion. See Hanania v. State, 855 So.2d 92 (Fla. 2d DCA 2003).
The trial court did not abuse its discretion in finding that the defendant violated the condition of his probation requiring him to report monthly. The defendant testified he was aware it was his duty to report. He also testified his parole officer had given him contact information. Even if he were hospitalized from September through the end of November, he failed to report for the months of December through April. The trial court found his reasons for failing to report for these months not to be credible. Even one month's failure to report, alone, constitutes a substantial violation of probation and is grounds for revocation. Delee v. State, 816 So.2d 677 (Fla. 3d DCA 2002). The court also did not abuse its discretion in finding defendant violated the condition of probation by changing address without permission. Therefore, we affirm the trial court's findings of violation of probation for failure to report monthly and for change of address without permission.
The trial court did err in finding the defendant violated the conditions of his probation requiring him to undergo psychological evaluation and to complete the domestic intervention program. The probation order contained no schedule or time frame for completion of these two conditions. There was a year left on his probation giving him sufficient time to complete these two requirements before the year had run. See Francois v. State, 923 So.2d 1219 (Fla. 3d DCA 2006) (trial court erred in finding violation of condition of probation for failure to complete community *1187 hours where the order of probation did not contain a schedule or time frame for completing the hours and there was sufficient time remaining on probation to complete the requirement). These two violations must be stricken from the revocation order.
It is not clear from the record whether the trial court would have revoked Roundtree's probation and imposed the same sentence if it had found that he violated his probation by failing to report and by changing his address without permission and had found no other violations. Because we cannot make this determination from the record, we remand to the trial court for reconsideration based on this opinion. See Thomas v. State, 453 So.2d 156, 157 (Fla. 1st DCA 1984).
Reversed and remanded.