WELLS, J.
 

 Justin Williams appeals from an order revoking his community control. Because the order is supported by the record, we affirm.
 

 On July 19, 2005, Williams pled guilty to carrying a concealed firearm (case number 05-14096), grand theft and resisting arrest without violence (case number 05-16134), and possession of cocaine and heroine with the intent to sell, manufacture or deliver (case number 05-17489). In exchange for his plea, Williams was sentenced to two years community control followed by two years probation.
 

 A little over a month after entering this plea, the first affidavit charging Williams with violating community control was filed. This affidavit claimed that Williams had changed his residence without prior approval, had failed on three occasions to remain confined to his residence except for approved activities, and had failed to submit a daily activity log to his community control officer. Three months later, an amended affidavit was filed, alleging, in addition to those claims already made, that Williams had picked up two new criminal cases in which he had been charged with: possessing, carrying or owning a firearm; carrying a concealed firearm; committing an armed robbery; committing an aggravated battery with a deadly weapon; using a firearm to commit a felony; committing an aggravated assault with a firearm; and committing an armed carjacking, in violation of his probation order.
 

 In October of 2006, a probation violation hearing was held during which Williams’ probation officer testified about not finding Williams at home on a number of occasions and about Williams’ failure to provide the required log. Most damning, however, was the testimony of Timothy Reid regarding the new charges brought against Williams. Reid, a Miami-Dade County corrections officer, testified that on August 19, 2005, while stopped at a traffic light, Williams entered his car, put a gun to his head, and ordered him to drive around. Although Reid did as ordered, Williams threatened to kill him even after Reid had given up his wallet and Williams had taken control of the car. Ultimately, Reid attempted to get the gun from Williams. During the ensuing altercation, a shot was fired, the car crashed, and Reid jumped from the car and ran.
 

 At the close of the evidence, the court below, while agreeing that the State had not proved all of the allegations of the probation violation affidavits, revoked Williams’ probation finding that Williams had violated his probation order by: (1) changing his residence without permission; (2) failing to remain at home on three occasions; (3) failing to submit an activity log; (4) possessing, carrying or owning a weapon or firearm; and (5) committing armed robbery, aggravated battery with a deadly weapon, armed carjacking, aggravated assault with a firearm, use of a
 
 *1009
 
 firearm while committing a felony, and carrying a concealed firearm.
 

 Williams requests that we strike certain portions of this order. He also seeks reversal of the order claiming that the State failed to show that he changed his residence without consent, that he was not at home on three occasions, that he carried a concealed firearm, or that he committed a robbery as charged in the probation violation affidavit.
 

 The State concedes that there is no evidence that Williams carried a concealed firearm. We therefore strike those portions of the order finding that he did so. We decline, however, to strike any other portions of the order because the evidence was more than sufficient to support the remainder of the trial court’s findings.
 
 See Roundtree v. State,
 
 955 So.2d 1184, 1186 (Fla. 3d DCA 2007) (confirming that the State’s burden of proof in a probation violation proceeding is preponderance of the evidence). The order revoking Williams’ probation is therefore affirmed as modified herein.
 
 See Morales v. State,
 
 622 So.2d 1173, 1174 (Fla. 3d DCA 1993) (striking those portions of an order revoking probation on the State’s concession that certain alleged violations were unsupported, while affirming the revocation order on the remainder of the trial court’s findings);
 
 see also Jackson v. State,
 
 807 So.2d 684, 684-85 (Fla. 2d DCA 2001) (same).
 

 Affirmed as amended.