# Third District Court of Appeal
## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1336
Lower Tribunal No. F20-2614
_____

**Catherine Capozzi,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Deborah M. Prager and Nicholas Lynch, Assistant Public Defenders, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, and Daihana Chang, Assistant Attorney General, for appellee.

Before EMAS, MILLER and GOODEN, JJ.

EMAS, J.

## INTRODUCTION

Catherine Capozzi appeals from the trial court's order denying her motion to correct sentence, contending that two conditions of probation imposed by the trial court were unpronounced special conditions, were erroneously imposed, and must be stricken or corrected. We agree and, for the reasons below, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The material underlying facts are not in dispute. In 2020, the State charged Capozzi with four felony counts: driving under the influence/manslaughter; vehicular homicide; driving under the influence with serious bodily injury to another; and reckless driving with serious bodily injury.

Capozzi and the State entered into a negotiated plea agreement, under which Capozzi pled guilty to all four counts, and the trial court sentenced her to a total of twenty years in prison, followed by a total of seven years of supervision (combined periods of community control and probation).

At sentencing, the trial court orally pronounced certain special conditions of probation:

> And the special conditions for the probation and community control is that you enroll in a DUI school. You complete all of the terms of the DUI school. You have to do one session of the Victim Impact Panel. There is a no-drive order and you'll reside in an

2

inpatient substance abuse treatment as suggested by your providers.

The written probation order included additional conditions, which the order described as "standard conditions of supervision." These additional conditions were ***not*** orally pronounced. Pertinent to this appeal, the unpronounced conditions contained in the probation order included Conditions Seven and Eight:

(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. **Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.**

(8) **You will work diligently at a lawful occupation, advise your employer of your probation status,** and support any dependents **to the best of your ability**, as directed by your officer.

(Emphasis added).

While the instant appeal was pending, Capozzi filed a motion to correct sentencing errors,[1] requesting the trial court amend the probation order to:

- Modify Condition Seven to add the word "knowingly" before the word "visit," to read: "Nor will you **knowingly** visit places where

---

[1] See Fla. R. Crim. P. 3.800(b)(2) (delineating the procedure for filing a motion to correct sentencing error while an appeal is pending, and providing inter alia, that such a motion be served before service of the party's first brief).

intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used."

- Modify Condition Eight to require that Capozzi "**seek gainful employment** at a lawful occupation" rather than requiring she "work diligently at a lawful occupation"; and

- Strike that portion of Condition Eight requiring Capozzi to "advise your employer of your probation status . . . ."

Because the trial court failed to file an order ruling on the motion within sixty days, the motion was deemed denied.[2]

This appeal followed, and we review de novo the legality of the sentence imposed. Brown v. State, 314 So. 3d 380, 381 (Fla. 3d DCA 2020).

**ANALYSIS**

A. Standard Conditions v. Special Conditions of Probation

It is undisputed that the written order of probation does not conform to the trial court's oral pronouncement at sentencing, given that Conditions Seven and Eight of the written probation order were not a part of the special conditions the trial court orally pronounced and imposed at sentencing. Nevertheless, the State contends these two conditions are "standard" (or

---

[2] See Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied . . . .").

4

"general") conditions of probation, and therefore the trial court was not required to orally pronounce them at sentencing.[3]

The Florida Supreme Court has distinguished between standard and special conditions of probation, and the extent to which due process requires the probationer be given proper notice of such conditions:

> General conditions, which are contained within the Florida Statutes, must be included within the order but need not be orally pronounced at the sentencing hearing. Special conditions, which are those not specifically authorized by statute, must be orally pronounced at sentencing before they can be placed in the probation order.

Lawson v. State, 969 So. 2d 222, 227 n.3 (Fla. 2007) (internal citations omitted).

This distinction—between standard conditions and special conditions of probation—is statutorily codified. Statutorily authorized conditions are listed in section 948.03, Florida Statutes (2023), and a probationer is therefore on constructive notice of the existence of these standard conditions. As a result, "[c]onditions specified in this section do not require oral pronouncement at the time of sentencing and may be considered

---

[3] The terms "standard" and "general" are used interchangeably in the context of conditions of probation. Section 948.03(1), Florida Statutes (2023) refers to "standard" conditions of probation, while Florida Rule of Criminal Procedure 3.986 and case law refers to "general" conditions of probation. For consistency, and insofar as possible, we use the term "standard" conditions of probation throughout the opinion.

5

standard conditions of probation." The statute provides the following list of

conditions which a trial court may include in its order of probation, and which

need **not** be orally pronounced at sentencing:

(a) Report to the probation officer as directed. . . .

(b) Permit the probation officer to visit him or her at his or her home or elsewhere.

**(c) Work faithfully at suitable employment insofar as may be possible.**

(d) Remain within a specified place.

(e) Live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a violation of probation, community control, or any other form of court-ordered supervision.

(f) Make reparation or restitution to the aggrieved party for the damage or loss caused by his or her offense in an amount to be determined by the court. . . .

(g) Effective July 1, 1994, and applicable for offenses committed on or after that date, make payment of the debt due and owing to a county or municipal detention facility under s. 951.032 for medical care, treatment, hospitalization, or transportation received by the felony probationer while in that detention facility. . . .

**(h) Support his or her legal dependents to the best of his or her ability.**

(i) Make payment of the debt due and owing to the state under s. 960.17, subject to modification based on change of circumstances.

(j) Pay any application fee assessed under s. 27.52(1)(b) and attorney's fees and costs assessed under s. 938.29, subject to modification based on change of circumstances.

**(k) Not associate with persons engaged in criminal activities.**

(l) 1. Submit to random testing as directed by the probation officer or the professional staff of the treatment center where he or she is receiving treatment to determine the presence or use of alcohol or controlled substances.

2. If the offense was a controlled substance violation and the period of probation immediately follows a period of incarceration in the state correctional system, the conditions must include a requirement that the offender submit to random substance abuse testing intermittently throughout the term of supervision, upon the direction of the probation officer.

(m) Be prohibited from possessing, carrying, or owning any:

1. Firearm.

2. Weapon without first procuring the consent of the probation officer.

(n) Be prohibited from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician, an advanced practice registered nurse, or a physician assistant. **The probationer or community controllee may not knowingly visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.**

(o) Submit to the drawing of blood or other biological specimens as prescribed in ss. 943.325 and 948.014, and reimburse the appropriate agency for the costs of drawing and transmitting the blood or other biological specimens to the Department of Law Enforcement.

(p) Submit to the taking of a digitized photograph by the department as a part of the offender's records. This photograph may be displayed on the department's public website while the offender is under court-ordered supervision. However, the department may not display the photograph on the website if the offender is only on pretrial intervention supervision or if the offender's identity is exempt from disclosure due to an exemption from the requirements of s. 119.07.

(Emphasis added).

Florida Rule of Criminal Procedure 3.986 is a form order of probation, and a trial court utilizing such a form is instructed to set forth any "general conditions" being imposed under the statute and to list and orally pronounce any "special conditions" being imposed by the trial court:

GENERAL CONDITIONS: [*List the general conditions of probation **pursuant to section 948.03, Florida Statutes**.*]

SPECIAL CONDITIONS: [List the ***special conditions of probation as orally pronounced*** and authorized by law.]

(Emphasis added).

Prior to 2019, however, the form order of probation in Rule 3.986 included its own enumerated list of standard conditions, with slight variations from those listed in the statute. In 2019 the Florida Supreme Court amended the rule, deleting the standard conditions listed in this form to "avoid constant amendment of the rule." In re Amends. to Fla. Rules of Crim. Proc.-2018 Regular-Cycle Rep., 265 So. 3d 494, 547 (Fla. 2018). These pre-2019 conditions listed in Rule 3.986's form order were considered standard

8

conditions of probation that did not require oral pronouncement at sentencing. As the Florida Supreme Court observed in its 1996 decision in State v. Hart, 668 So. 2d 589, 593 (Fla. 1996):

> In 1991, this Court acknowledged that publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions. State v. Beasley, 580 So.2d 139, 142 (Fla.1991). For the purposes of the imposition of general conditions of probation, we find the rules of court should provide the same constructive notice to defendants subject to the imposition of probation.
>
> Once defendants are charged and subject to the controlling terms of the rules of criminal procedure, we think the publication of general terms of probation in the rules provides all defendants with sufficient notice to permit an opportunity to object if probation is imposed. The rules provide the same type of notice as the probation conditions set forth in the Florida Statutes. See, *e.g.*, §§ 948.03–.034, Fla. Stat. (1993). Consistent with the purpose and policy of Beasley, we hold that all defendants facing the imposition of probation are on constructive notice of conditions one through eleven set forth in the form for order of probation, which is contained in the rules of criminal procedure. Only those "special" conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing.

(Internal citations omitted).

Of course, this rationale—that the enumeration of standard conditions of probation in the form provided by Rule 3.986 satisfies the notice requirement in the same way that the publication of section 948.03, Florida Statutes provides constructive notice to the probationer—is no longer viable,

9

given the Florida Supreme Court's 2019 amendment to Rule 3.986, which removed all listed general conditions of probation from the form order.

Significantly, Conditions Seven and Eight in Capozzi's order of probation are conditions which were previously part of the enumerated list of conditions contained in Rule 3.986's pre-2019 form order of probation.[4]

B. <u>Condition Seven of the Written Probation Order</u>

Condition Seven of the written probation order relates to the use and/or possession of intoxicants:

> You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. **<u>Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used</u>**.

(Emphasis added). By contrast, section 948.03(1)(n), which prohibits similar conduct, includes a knowledge component:

> Be prohibited from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician, an advanced practice registered nurse, or a physician assistant. The probationer or community controllee may not **<u>knowingly</u>** visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.

(Emphasis added).

---

[4] Our review of the probation order on appeal suggests that the Circuit Court of the Eleventh Judicial Circuit continues to use a form modeled after the Form 3.986 as it existed before the amendment of the rule in 2019.

Capozzi contends Condition Seven should be modified to add the knowledge element so it mirrors its statutory counterpart in section 948.03(1)(n). Not to do so could subject Capozzi to, at a minimum, arrest for an alleged probation violation, even if Capozzi was without knowledge she was at a location where intoxicants or drugs were being "sold, dispensed, or used." The State responds that the knowledge requirement in Condition Seven is inherent, and that "its omission is irrelevant and/or harmless, as the condition can never be enforced absent proof of such knowledge."[5] While it may ultimately be true that Capozzi's probation could not properly be

---

[5] For a trial court to revoke probation based on a violation of a condition of probation, the State must prove the violation was willful and substantial—thus, indicating knowledge is inherent to any condition of probation. See Roundtree v. State, 955 So. 2d 1184, 1186 (Fla. 3d DCA 2007); cf. Manon v. State, 740 So. 2d 1253 (Fla. 3d DCA 1999) ("[I]t is implicit in every condition of probation that what is forbidden is a willful and substantial violation. It is not true that defendant could have had his probation revoked for an unintentional violation"). *But that is not the current procedural posture of the instant case*. Wurtzel v. State, 314 So. 3d 608, 611 (Fla. 3d DCA 2020) ("In an appeal of a probation revocation order, an appellate court does not have appellate jurisdiction to review the validity of the underlying restriction contained in the probation order.").

Here, there is no probation violation or an appeal from a revocation order. Capozzi challenges the trial court's denial of her motion to correct sentence on the basis that Conditions Seven and Eight are *not* standard conditions and were not orally pronounced. And in light of the text of Rule 3.986 following its amendment in 2019 (and in light of the material differences in wording between the probation order and the standard conditions listed in section 948.03), we conclude Capozzi is correct.

11

*revoked* unless it is shown that Capozzi knew or reasonably should have known she was visiting a place where drugs or intoxicants were being sold, dispensed or used, see, e.g., Roundtree v. State, 955 So. 2d 1184, 1186 (Fla. 3d DCA 2007), such a "victory" might come at an unreasonably high cost: because the express language of the condition of probation imposed on Capozzi contains no knowledge requirement, a probation officer might reasonably decide that Capozzi should be arrested for violating her probation notwithstanding a lack of knowledge. Under such a circumstance, Capozzi would be arrested and held in custody without bond until a probation violation hearing is held.

We agree with Capozzi, and the analysis of our sister court, that Condition Seven was erroneously imposed by the trial court. See Douchard v. State, 357 So. 3d 142 (Fla. 4th DCA 2023) (remanding a similar condition of probation "to include that the probationer must not 'knowingly' visit the places enumerated'" and noting that section 948.03(1)(n) includes the word "knowingly") (citing Sandoval v. State, 337 So. 3d 5 (Fla 4th DCA 2022) ("While reading this provision with the standard probation condition would require the defendant's knowledge, we suggest upon remand the trial court

amend the condition to reflect the defendant may not 'knowingly visit' such prohibited places.")).[6]

We therefore reverse and remand with directions that the trial court amend Condition Seven to reflect that Capozzi may not "knowingly visit" the prohibited places listed.

### C. Condition Eight of the Written Probation Order

Condition eight (8) of the written probation order provides:

> **You will work diligently at a lawful occupation, advise your employer of your probation status,** and support any dependents **to the best of your ability**, as directed by your officer.

(Emphasis added). By contrast, section 948.03(1)(c) and (h), respectively, requiring that a probationer:

> (c) Work faithfully at suitable employment **insofar as may be possible**.

> (h) Support his or her legal dependents **to the best of his or her ability**.

---

[6] The State's reliance on the Florida Supreme Court's decision in Demott v. State, 194 So. 3d 335, 340 (Fla. 2016) is misplaced. In Demott, the Court considered a certified conflict between the Fifth and Second Districts regarding whether a special condition of probation prohibiting the probationer from "associat[ing] with anyone who is illegally using drugs" was unconstitutionally vague. In contrast, here, Capozzi challenges Condition Seven as an unpronounced, *special condition* where it does not track the statutory language delineating *standard conditions* that need not be orally pronounced.

(Emphasis added). Section 948.03 contains no provision requiring a probationer to notify an employer of his or her probation status.

Capozzi raised two contentions regarding Condition Eight: 1) the requirement that Capozzi "work diligently at a lawful occupation" violates due process as compliance relies on factors beyond her control, e.g., the state of the economy; and 2) the requirement that Capozzi notify her employer of her probation status must be stricken as an announced special condition. Both contentions are correct.

### (1) *"You will work diligently at a lawful occupation . . . ."*

Similar to Condition Seven and its statutory counterpart, the absence of a willfulness requirement renders Condition Eight different in kind from the corresponding standard condition in section 948.03(1)(c) ("Work faithfully at suitable employment **insofar as may be possible**") (emphasis added).

The State, however, proposes a different construction of Condition Eight. According to the State, there is no due process violation because the final phrase of the sentence modifies the requirement-to-work-diligently condition, such that we should read it: "You will work diligently at a lawful

14

occupation . . . to the best of your ability." We reject the State's interpretation of Condition Eight.[7]

In Kirkland v. State, 666 So. 2d 974, 976 (Fla. 1st DCA 1996), the First District identified the *same condition* as a "special condition," and further held it violated the probationer's due process rights:

---

[7] We do acknowledge a potential conflict among the district courts on this issue. For instance, in Gregory v. State, 616 So. 2d 174 (Fla. 2d DCA 1993), the appellant challenged a *similar* condition: "*You will work diligently at a lawful occupation* and support any dependents *to the best of your ability*, as directed by your officer." Id. at 176 (emphasis added). As here, the appellant argued the condition "risk[ed] penalizing him for circumstances beyond his control, such as a weak economy." Id. The Second District rejected the argument: "The caveat in the present case, that Gregory work 'to the best of your ability,' distinguishes it from Walls and avoids the potential for penalizing Gregory for unemployment that he did not seek or cause." See also Reiter v. State, 674 So. 2d 189, 190 (Fla. 2d DCA 1996) (applying Gregory rationale: "Condition 8 requires Reiter to 'work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer.'"); Valente v. State, 705 So. 2d 656, 657 (Fla. 5th DCA 1998) (citing Gregory: "Appellant's probation order, which requires him to work diligently included the provision 'to the best of your ability.' The inclusion of such language avoids the potential that appellant will be penalized for unemployment."); but see Kirkland v. State, 666 So. 2d 974, 976 (Fla. 1st DCA 1996) and Mathis v. State, 683 So. 2d 634, 636 n.2 (Fla. 4th DCA 1996), receded from on other grounds by Matthews v. State, 736 So. 2d 72 (Fla. 4th DCA 1999), (rejecting the Second District's position in Reiter: "The second district's position is that the phrase 'to the best of your ability' refers to the requirement that the probationer work diligently at a lawful occupation. This is simply not a fair reading of the sentence. Our reading of the clause 'to the best of your ability' is that it can only refer to the requirement that the probationer support any dependents.").

Condition (8) provides: "You will work diligently at a lawful occupation, advise your employer of your probation status and support any dependents to the best of your ability, as directed by your officer." Requiring a probationer to maintain full-time employment is an improper condition of probation because a down-turn in the economy could prevent its completion. Evans v. State, 608 So.2d 90, 91 (Fla. 1st DCA 1992). A more appropriate condition would be to require the probationer to "seek gainful employment." Id.; Sullivan v. State, 630 So. 2d 685 (Fla. 1st DCA 1994). The portion of condition (8) that requires Kirkland to "work diligently at a lawful occupation" must be modified to read, "seek gainful employment." The portion of condition (8) that requires Kirkland to "support any dependents to the best of [his] ability," is a standard condition that need not be orally announced. § 948.03(1)(f), Fla. Stat. (1993).

We agree with Kirkland's analysis and construction of Condition Eight. The only reasonable construction is that the phrase "to the best of your ability" applies to and modifies only the last clause, specifically Capozzi's obligation to "support any dependents."

To adopt the construction urged by the State would require that we apply the phrase "to the best of your ability" to modify *all three* preceding clauses within the sentence, resulting in a reading that requires a probationer to:

- Work diligently at a lawful occupation to the best of your ability;

- ***Advise your employer of your probation status to the best of your ability;*** and

- Support any dependents to the best of your ability.

16

Such a proposed construction would render the middle clause absurd and unreasonable. "Courts should not employ an interpretation of a contractual provision that would lead to an absurd result." Paraiso CU-1, LLC v. PRH Paraiso Four, LLC, No. 3D23-1697, 2025 WL 1386273 (Fla. 3d DCA May 14, 2025) (quoting Famiglio v. Famiglio, 279 So. 3d 736, 740 (Fla. 2d DCA 2019)); Haskin v. Haskin, 399 So. 3d 56 (Fla. 3d DCA 2023).

Our interpretation of Condition Eight appears all the more proper, given that Condition Eight is actually a combination of two standard conditions enumerated in section 948.03, Florida Statutes:

> (c) Work faithfully at suitable employment insofar as may be possible.
>
> ***
>
> (h) Support his or her legal dependents *to the best of his or her ability*.

(Emphasis added). As can be seen, the phrase "to the best of your ability" is included in only one of the statutory conditions—the requirement that the probationer support his or her legal dependents.

We reverse and remand for the trial court to modify the condition consistent with this opinion.

(2) *"You will . . . advise your employer of your probation status. . . ."*

17

As to the requirement that Capozzi advise her employer of her probation status, Capozzi correctly notes that such a condition is found nowhere among the standard conditions enumerated in section 948.03, and must therefore be considered a special (and in this case, orally unpronounced) condition. The State counters that the requirement is not a special condition, but a standard condition "subsumed within" the undisputed standard condition that a probationer "work diligently at a lawful occupation." We reject the State's position.

Advising an employer of one's probation status and working "diligently at a lawful occupation" are separate requirements. For instance, there are many ways a probation officer can confirm whether a probationer is gainfully employed, e.g., requesting pay stubs from the probationer or by visiting the probationer at her place of employment. Requiring a probationer to inform her employer of her probationary status is therefore not an implied or inherent component of the standard condition she work diligently at a lawful occupation. Because these represent two distinct requirements, the former is not subsumed within the latter but is instead a special condition which the trial court was required to orally pronounce. See Mosley v. State, 677 So. 2d 27, 28 (Fla. 4th DCA 1996) ("We strike condition seven (that part requiring

18

Mosley to inform her employer of her probationary status) because it was not orally pronounced.").[8]

We strike that portion of Condition Eight requiring Capozzi to advise her employer of her probationary status, and remand with directions for the trial court to modify Condition Seven to include the word "knowingly" before the word "visit," and to modify Condition Eight to more closely track the standard condition in section 948.03(1)(c) ("Work faithfully at suitable employment insofar as may be possible").[9]

---

[8] The State's reliance on Tory v. State, 686 So. 2d 689, 692 (Fla. 4th DCA 1996) is misplaced where the defendant raised a different issue than that raised here. (Arguing: "[T]he trial court erred by imposing 'standard conditions' of probation provided in section 948.03(1), and contained in the probation order, which were not orally pronounced at sentencing, because he was specifically placed on 'drug offender' probation, pursuant to section 948.01(13)(a).").

[9] The Circuit Court of the Eleventh Judicial Circuit may wish to consider revising the forms used for its orders of probation to eliminate references to the conditions listed in the pre-2019 form in Rule 3.986, and replace it with language that more closely tracks the statutory language of the standard conditions set forth in section 948.03. Such a change would avoid any confusion regarding a probationer's obligations and permit probation officers to better manage probationers and enforce standard conditions of probation.

At the same time, our opinion should not be read to hold that the standard conditions must be identical to the wording in section 948.03—"every detail need not be spelled out and the language should be interpreted in its common, ordinary usage." Lawson v. State, 969 So. 2d 222, 235 (Fla. 2007). We merely "take this opportunity to encourage trial courts to be as specific as possible so that probationers are on clear notice of exactly what they are required to do and what actions will subject them to revocation." Id.; see, e.g., Portuese v. State, 373 So. 3d 885, 891 (Fla. 4th DCA 2023).

19

Reversed and remanded with directions.